**STATE of Minnesota, Respondent,**

v.

**Edgar LUBITZ, petitioner, Appellant.**

**No. C8-90-2130.**

Supreme Court of Minnesota.

July 19, 1991.

John M. Stuart, State Public Defender, Steven P. Russett, Asst. State Public Defender, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., St. Paul, and Michael Lynch, Kandiyohi County Atty., Willmar, for respondent.

WAHL, Justice.

The issue in this case is whether the crime of incest, Minn.Stat. § 609.365, which

is not "ranked" by the Sentencing Guidelines, was properly assigned a severity level VII ranking by the trial court. The court of appeals held it was and affirmed defendant's sentence of 58 months in prison. We conclude the offense should be treated as a severity level VI offense and remand to the district court for resentencing.

Defendant is a 52–year–old man. Complainant, who is 31, is one of two children from defendant's first marriage. Apparently because of the failure of the parents to properly care for the children, the children were placed for adoption. Complainant contacted defendant after she reached majority and said she was his daughter. Blood tests show there is a 99% likelihood defendant is in fact her father.

Defendant and complainant have been living with or near each other ever since and have had an on-again off-again incestuous relationship. Complainant apparently has complained about defendant at least three times. The first complaint resulted in both parties receiving informal counselling. The second complaint led to a guilty plea in 1986 by defendant to incest.

The third complaint resulted in the filing of a two-count complaint charging defendant with criminal sexual conduct in the third degree, Minn.Stat. § 609.344, subd. 1(d) (sexual penetration of physically or mentally incapacitated person), a severity level VII offense, and incest, Minn.Stat. § 609.365, an unranked offense. The complaint was based on complainant's allegation that defendant penetrated her without her consent after she passed out from drinking.

The prosecution agreed to dismiss the first charge in exchange for defendant's pleading guilty to incest. Defendant, in entering the plea, denied the penetration occurred as alleged. Instead, he insisted the penetration was consensual, although incestuous.

Minnesota Sentencing Guidelines II. A.04–.05 provide:

II.A.04. Incest was excluded [from the Offense Severity Reference Table] because since 1975, the great majority of incest cases are prosecuted under the criminal sexual conduct statutes. If an offender is convicted of incest under Minn.Stat. § 609.365, and when the offense would have been a violation of one of the criminal sexual conduct statutes, the severity level of the applicable criminal sexual conduct statute should be used. For example, if a father is convicted of incest for the sexual penetration of his ten year old daughter, the appropriate severity level would be the same as criminal sexual conduct in the first degree. On the other hand, when the incest consists of behavior not included in the criminal sexual conduct statutes (for example, consenting sexual penetration involving individuals over age 18) that offense behavior is excluded from the Offense Severity Reference Table.

II.A.05. The other offenses were excluded because prosecutions are rarely, if ever, initiated under them. When persons are convicted of offenses excluded from the Offense Severity Reference Table, judges should exercise their discretion by assigning an offense severity level which they believe to be appropriate. If a significant number of future convictions are obtained under one or more of the excluded offenses, the Commission will determine an appropriate severity level, and will add the offense to the Offense Severity Reference Table.

Defendant's trial attorney did not take issue with the Sentencing Worksheet, which listed the offense as a level VII offense. The trial court therefore is not to be faulted for sentencing defendant accordingly.

The state public defender, representing defendant on appeal, raised this issue in the court of appeals. Rather than remanding to give the trial court an opportunity to address the issue, the court of appeals addressed it, concluding the offense was properly ranked by the trial court.

Defendant's basic argument is that it is improper to sentence him as if the conduct underlying the incest conviction consisted of penetrating an unconscious

person when the result is to deprive him of the benefit of his plea bargain.

The only cases that offer some help, by analogy, in analyzing this issue are the cases dealing with the information a trial court may consider in determining whether a defendant committed an offense in a particularly serious way for departure purposes. The general rule is the court may consider conduct underlying the offense of conviction. However, in *State v. Womack*, 319 N.W.2d 17 (Minn.1982), we recognized an exception to the general rule. The defendant in *Womack* was charged with being a felon in possession of a pistol and also with assault with a dangerous weapon. He pled guilty to the possession charge on the understanding the assault charge would be dismissed. However, the trial court based the departure on its belief that the defendant committed the assault. We held this was improper. We stated:

> [W]e believe that it was error in this case for the trial court to rely on the overall course of conduct as justification for aggravating defendant's sentence for the possession charge. Defendant admitted that he violated the law in possessing the gun but at all times he has claimed that he used it against the complainant only in self defense, first in striking her when she attacked him with the knife, later to fire in the air and frighten her in an attempt to stop her from attacking him as he attempted to drive away. Defendant had a right to have a jury determine his guilt or innocence of that charge. He gave up that right only on condition that the charge would be dismissed in exchange for his guilty plea to the possession charge. It is one thing for the sentencing court to look at the conduct underlying the offense to which the defendant pled guilty if the defendant admits that the underlying conduct occurred, but it is quite another thing when the defendant denies that such conduct occurred. In this case the defendant at all times has claimed that he acted in self-defense. Stated differently, although defendant obtained a dismissal of the assault charge in exchange for his guilty plea and although he has never admitted

his guilt of the assault charge, he received a term of 30 months, which is the duration of the term which would have been presumptively appropriate if he had been convicted of the assault by a jury.

> The state's response is that as a matter of law defendant did not act in self-defense. However, upon analysis it becomes apparent that the state is really arguing that *as a matter of fact* defendant did not act in self-defense. Given the way in which the case was presented to the trial court, the trial court was not entitled to act as factfinder and determine whether defendant was telling the truth when he claimed that the complainant attacked him with a knife. That being so, we believe that the departure, based on the sentencing court's factfinding, was improper.

319 N.W.2d at 19–20 (emphasis original). It is not always easy to determine when *Womack* applies. *Compare State v. Winchell*, 363 N.W.2d 747 (Minn.1985) (does not apply), *State v. Cermak*, 344 N.W.2d 833 (Minn.1984) (does apply) *with State v. Cox*, 343 N.W.2d 641 (Minn.1984) (applies in part).

In this case defendant, by pleading as he did and by getting the criminal sexual conduct charge dismissed, removed the fact issue of whether he penetrated complainant when she was unconscious, something defendant consistently denied. Sentencing him as if the penetration was as alleged by complainant deprived him of the benefit of his plea bargain.

■ An argument can be made that any reduction in sentence should be to 36 months in prison, the mandatory term under Minn.Stat. § 609.346, which deals with second sex offenses. However, section 609.346 is expressly limited to second or subsequent offenses under sections 609.342 to 609.345 or any "similar statute[s]." It is doubtful whether the incest statute, section 609.365, is the kind of "similar statute" the drafters of section 609.346 had in mind, otherwise they would have specifically cited it as they did the other statutes cited. In any event, we must strictly construe minimum term statutes against the state.

*State v. Simmons,* 258 N.W.2d 908, 910 (1977).

We conclude therefore the correct presumptive sentence in this case is that determined by treating the offense as a level VI offense, a presumptive sentence of 26 months stayed. However, rather than reduce the sentence, we remand to the trial court. This will permit the state to argue, if the facts warrant and the state chooses, that defendant is particularly unamenable to probation and that therefore the trial court should depart dispositionally by executing the sentence. *State v. Trog,* 323 N.W.2d 28, 31 (Minn.1982); *State v. Park,* 305 N.W.2d 775, 776 (Minn.1981). We, of course, express no opinion on that issue.

Remanded for resentencing.