STATE of Minnesota, Respondent,

v.

Keith John WILSON, Appellant.

No. C8–94–208.

Court of Appeals of Minnesota.

Nov. 29, 1994.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, William J. Robyt, Asst. Isanti County Atty., Cambridge, for respondent.

Alan D. Margoles, Margoles and Margoles, St. Paul, for appellant.

Considered and decided by DAVIES, P.J., and AMUNDSON and JONES,* JJ.

## OPINION

AMUNDSON, Judge.

Appellant Keith John Wilson challenges his incest conviction under Minn.Stat. § 609.365, arguing that the statute is unconstitutionally vague, and alternatively, that his actions do not constitute incest within the meaning of the statute. Wilson also alleges that his sentence is excessive. We affirm.

## FACTS

Pursuant to Minn.R.Civ.App.P. 110.04, the parties in this case have stipulated [1]:

That Mr. Keith John Wilson, the above-named defendant, was convicted on March 22, 1993 of the charge of felony incest in violation of Minnesota Statutes § 609.365. That the party with whom Mr. Wilson had sexual intercourse was the daughter of the defendant's half sister by blood.

In addition, that at the time Mr. Wilson had sexual intercourse with the daughter of the defendant's half sister by blood, he was aware of this relationship. And, that the defendant and the party's mother have the same mother-in-common by blood.

Wilson faced two counts of third degree criminal sexual conduct and two counts of

incest. The jury convicted on one incest charge, acquitted on the other, and acquitted on the criminal sexual conduct charges. The trial court assigned a severity level of six to Wilson's incest conviction.

The Presentence Investigation Report (PSI) indicated that "the offender forc[ed] the victim, who is his niece to have sexual intercourse twice against her consent and attempt[ed] to have oral and anal intercourse with the victim." The parole agent recommended that Wilson be sentenced to 26 months in prison, stayed, with probation for 10 years under conditions including 180 days in jail (with work release or sentence to serve) and restitution.

The agent later amended the PSI, replacing the above quoted sentence with "the offender engag[ed] in sexual intercourse with his 27–year–old niece," but the recommendations were not altered.

At the sentencing hearing, the court acknowledged that Wilson had been acquitted of the criminal sexual conduct charges but stated "I find that [Wilson's niece, H.L.] is a victim and that that is not a victimless crime." The court noted that Wilson engaged in a pattern of behavior "over a period of many years. [H.L.] just happens to be the last person that you've picked in that poor choice of relations." The court referred to the testimony of the *Spreigl* witnesses, and noted that Wilson had used very poor judgment in his relations. The trial court sentenced Wilson as recommended in the PSI. This appeal followed.

## ISSUES

1. Is Minn.Stat. § 609.365 (1992) void for vagueness?

2. Did Wilson's actions constitute incest within the meaning of Minn.Stat. § 609.365?

3. Was Wilson's sentence excessive?

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. The parties stipulated to the record regarding the constitutionality and application of Minn. Stat. § 609.365, and the trial court approved the stipulation. The parties did not stipulate to the facts regarding the sentencing issue.

## ANALYSIS

### I. *Vagueness*

Wilson argues that Minn.Stat. § 609.365 (1992) is unconstitutional because it is void for vagueness.

■■■ The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983).

The Minnesota incest statute provides:

Whoever has sexual intercourse with another nearer of kin to the actor than first cousin, computed by rules of the civil law, *whether of the half or the whole blood*, with knowledge of the relationship, is guilty of incest and may be sentenced to imprisonment for not more than ten years.

Minn.Stat. § 609.365 (emphasis added). This statute is a clear though somewhat complicated statement of the law of incest. Sexual intercourse with anyone "nearer of kin to the actor than first cousin" is incest. *Id.* Nearness of kin is "computed by rules of the civil law, whether of the half or the whole blood." *Id.*

The civil law computes the degree of kinship by counting up from the person in question to the nearest common ancestor, and then down to the other person, calling it one degree for each generation in the ascending as well as descending lines. *State v. Allen*, 304 N.W.2d 203, 207 (Iowa 1981). First cousins are related in the fourth degree. Thus, since the statute refers to relations with a person "nearer of kin to the actor than first cousin," in order to constitute incest, the relationship between the parties must be in the first, second, or third degree. *See* Minn. Stat. § 609.365.

Wilson argues that the statute is unconstitutionally vague because an ordinary person cannot determine the meaning of "nearer of kin to the actor than first cousin, computed by rules of civil law." Despite its somewhat complicated language, Minn.Stat. § 609.365 provides sufficient guidance for an ordinary person to determine what behavior is proscribed. The civil law method for calculating degrees of kinship is well settled. *Allen*, 304 N.W.2d at 207. An ordinary person would understand that "whether of the half or the whole blood" indicates that the amount of "blood" shared between the parties should not alter the degree of kinship. Thus, a person of ordinary intelligence would be reasonably certain of which relationships fall within the scope of the statute by applying the civil law rules and disregarding whole or half bloodedness.

While listing the familial relationships in the statute might make the statute more clear, their absence does not make the statute unconstitutionally vague. Thus, we conclude that Minn.Stat. § 609.365 is not void for vagueness.

### II. *Construction of Statute*

Wilson argues that sexual intercourse between a man and the daughter of his half-sister does not constitute "incest" within the meaning of Minn.Stat. § 609.365.

■■■ When no facts are disputed, as is the case here, this court need not give any weight to the trial court's construction of a statute. *See Doe v. Minnesota State Bd. of Medical Examiners*, 435 N.W.2d 45, 48 (Minn.1989).

■■■ Wilson argues that he is not nearer of kin than first cousin to the alleged victim, H.L. Although a niece is related to an uncle in the third degree, Wilson claims that because H.L. is related only by half blood, she cannot be related to him in the same degree as a whole blood niece. Under Wilson's theory, H.L. could be related, at most, in the fourth degree, which is the same degree of kinship as a first cousin. Thus, Wilson argues, his actions fall outside the scope of the incest statute.

Wilson's theory disregards the qualifying phrase "whether of the half or the whole blood." Based on principles of statutory construction, that phrase qualifies the immediately preceding clause regarding computation of degrees of kinship pursuant to the civil law. *See State v. Kluesner*, 389 N.W.2d 370, 371 (Iowa 1986) (qualifying phrases in stat-

utes usually refer only to the immediately preceding antecedent). Read together, these clauses indicate that half bloodedness and whole bloodedness are to be disregarded when computing degrees of kinship for incest purposes.

Wilson urges this court to adopt the California Supreme Court's analysis regarding incest and degrees of kinship in half blood relationships. *See People v. Baker*, 69 Cal.2d 44, 69 Cal.Rptr. 595, 442 P.2d 675 (1968). In *Baker*, the court held that sexual relations between a man and his half sister's daughter were not incest under the California statute. *Id.* at 599, 442 P.2d at 679. Under the California statute, the qualifier "of the half as well as the whole blood" referred only to brothers and sisters, not uncles and nieces.[2] *Id.* at 596, 442 P.2d at 676. Minnesota's statute, however, indicates that *all* computations of the degree of kinship should be carried out without regard to the whole or half bloodedness of the parties. Due to the differences between the California and Minnesota statutes, we do not find *Baker* persuasive.

Wilson also argues that Minn.Stat. § 517.03, which prohibits marriage within certain degrees of kinship, indicates a preference for construing the incest statute to permit sexual relations between an uncle and his half blooded niece. That statute expressly prohibits "marriage between an uncle and a niece, [and] between an aunt and a nephew * * * whether the relationship is by the half or the whole blood." Wilson argues that the legislature did not intend to prohibit sexual relations between an uncle and his half niece in Minn.Stat. § 609.365 because the legislature failed to explicitly include those relationships, as it did in Minn.Stat. § 517.03.

This argument is not persuasive because Minn.Stat. § 609.365 does indicate an intent to include half blooded uncle/niece relationships by means of the qualifying phrase "whether of the half or the whole blood." Moreover, construing Minn.Stat. § 609.365 to encompass half blood uncle/niece relation-

ships is consistent with Minnesota probate law. *See* Minn.Stat. § 524.2-107 (1992) ("[r]elatives of the half blood inherit the same share they would inherit if they were of the whole blood").

Thus, we conclude that sexual relations with the daughter of a half sister do constitute incest under Minn.Stat. § 609.365, and affirm Wilson's conviction.

## III. *Sentence*

■ Wilson argues that he was sentenced as though he had forcibly raped H.L., and thus his sentence is excessive.

Sentencing is within the broad discretion of the trial court and reviewing courts generally will not interfere with the exercise of that discretion. *See State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981).

Incest has not been assigned a severity level in the sentencing guidelines. If an offender is convicted of incest and the offense would have been a violation of a criminal sexual conduct statute, the severity level of the criminal sexual conduct statute should be used. Minn. Sent. Guidelines cmt. II.A.04. Otherwise, "judges should exercise their discretion by assigning an offense a severity level which they believe to be appropriate." Minn. Sent. Guidelines cmt. II.A.05.

Wilson argues that the court erred by assuming he committed forcible rape and by sentencing pursuant to recommendations that were drafted under the assumption that force was used despite acquittal on the criminal sexual conduct charges. According to the jury verdict, the offense did not constitute third degree criminal sexual conduct. The judge then assigned a severity level of six to Wilson's felony incest conviction. The judge followed the PSI recommendations and sentenced Wilson within the presumptive range for level six crimes.

The judge did not sentence Wilson as though he were convicted of third degree criminal sexual conduct. The judge stated that he was mindful that Wilson had been acquitted of the criminal sexual conduct charges. He assigned a severity level of six

---

**2.** The statute provided that sexual relations "between parents and children, ancestors and descendants of every degree, and between brothers and sisters of the half as well as the whole blood,

and between uncles and nieces" were incestuous. *Baker*, 69 Cal.Rptr. at 596, 442 P.2d at 676 (quoting section 285 of California's Penal Code).

to the incest offense, whereas third degree criminal sexual conduct involving force or coercion is a level seven offense. *See* Minn. Sent. Guidelines Section V. The Minnesota Supreme Court has previously held that a severity level of six was appropriate for an incest conviction. *State v. Lubitz,* 472 N.W.2d 131, 134 (Minn.1991) (sexual relations between a 52–year–old father and his 31–year–old daughter).

Moreover, a sentencing court may properly consider conduct underlying the charge for which the defendant is being sentenced. *State v. Cermak,* 344 N.W.2d 833, 837 (Minn. 1984). The court supported its sentence with its statements that Wilson had used very poor judgment in his relations with H.L., and in his past relations as evidenced by the *Spreigl* witnesses. The court also found that H.L. was victimized by the offense. Thus, the court did not abuse its discretion in assigning Wilson's offense a severity level of six and sentencing him accordingly.

■ Wilson further challenges his sentence because the original PSI made reference to force and, after its revision, the sentencing recommendations were not reduced. At sentencing, the court did not adopt any statements from the PSI and specifically noted that "the PSI is provided and prepared for the benefit of the Court and educating the Court as to background information that the Court may not previously have been aware of." The court did not find that Wilson had used force. The original PSI's reference to force and the failure to alter the recommendations after the revision do not make the sentence excessive. Thus, we conclude that the trial court did not abuse its discretion by sentencing Wilson within the presumptive range for a level six offense.

### DECISION

Minn.Stat. § 609.365 is not unconstitutionally void for vagueness. Wilson's actions constituted incest within the meaning of the statute. The trial court did not abuse its discretion in sentencing appellant.

**Affirmed.**