**STATE of Minnesota, City of Minnetonka, Respondents,**

v.

**Richard Howard STERN, Appellant.**

No. C9–02–264.

Court of Appeals of Minnesota.

Nov. 19, 2002.

Mike Hatch, Attorney General, St. Paul, MN; and Rolf A. Sponheim, City of Minnetonka Attorney, Desyl L. Peterson, Assistant City Attorney, Minnetonka, MN, for respondent.

Jay Quam, Crystal M. Ovsak, Fredrikson & Bryon, P.A., Minneapolis, MN, for appellant.

Considered and decided by TOUSSAINT, Chief Judge, KALITOWSKI, Judge, and HALBROOKS, Judge.

## OPINION

TOUSSAINT, Chief Judge.

Appellant Richard Howard Stern challenges his misdemeanor conviction of possessing a fictitious driver's license. Stern argues that because a state statute defines a driver's "license" as an operator's license issued by the State of Minnesota, Stern's possession of a purported Illinois license with an incorrect birth date did not constitute the illegal possession of a fictitious driver's license. Because the plain language of the statute clearly includes all licenses, including those purportedly from another state, we affirm.

## FACTS

On May 21, 2001, Stern was stopped by a Minnetonka police officer for speeding. After a request for his driver's license, Stern opened his wallet and gave the officer his Minnesota driver's license. The officer then saw, in another part of the wallet, what appeared to be another driver's license in Stern's name. The officer questioned Stern about the additional license, and Stern handed the officer what appeared to be a driver's license issued by the State of Illinois. Stern told the officer that the latter card was his "fake." The license purported to be from Illinois and bore a different birth date than that on Stern's Minnesota license. The officer cited Stern for possession of a "fictitious driver's license" in violation of Minn.Stat. § 171.22, subd. 1(1) (2000).

Stern moved to dismiss the complaint, arguing that the statute does not prohibit possession of a fictitious out-of-state driver's license. The district court denied the motion, held a trial by stipulation, and found Stern guilty. This appeal follows.

## ISSUE

■ Does the possession of a fictitious driver's license purportedly issued by another state violate Minn.Stat. § 171.22, subd. 1(1) (2000)?

## ANALYSIS

■ The interpretation of a statute is a legal question subject to de novo review. *State v. Linville*, 598 N.W.2d 1, 2 (Minn. App.1999). When there are no facts in

dispute, the court of appeals "need not give any weight to the trial court's construction of a statute." *State v. Wilson,* 524 N.W.2d 271, 273 (Minn.App.1994).

Stern argues that possession of a fictitious out-of-state driver's license does not violate the plain language of Minn.Stat. § 171.22, subd. 1(1) (2000), which states:

> With regard to *any driver's license,* including a commercial driver's license, it shall be unlawful for any person: (1) to display, cause or permit to be displayed, or have in possession, *any fictitious or fraudulently altered driver's license or Minnesota identification card* * * *.

(Emphasis added). While the language "any driver's license" appears to be broad, Stern contends that its scope is limited by Minn.Stat. § 171.01, subd. 14 (2000), which defines a "license" as:

> *any operator's license* or any other license or permit to operate a motor vehicle *issued or issuable under the laws of this state* by the commissioner of public safety * * *.

(Emphasis added). Because a license purportedly issued under the authority of another state (e.g., Illinois) is not issued or issuable by the State of Minnesota, Stern argues that section 171.22 does not prohibit the possession of a fictitious out-of-state driver's license. Stern also contends that this interpretation of the statute is not absurd because it would continue to prohibit altered licenses, state-issued licenses based upon falsely-provided information, and fictitious Minnesota licenses generated by someone other than the state. We disagree.

■■■ The plain language of section 171.22, prohibiting "any fictitious or fraudulently altered driver's license," clearly includes the possession of a fictitious out-of-state driver's license. A statute is ambiguous only when its language is subject to more than one reasonable interpretation.

*Amaral v. St. Cloud Hosp.* 598 N.W.2d 379, 384 (Minn.1999). *See also* Minn.Stat. § 645.08(1) (2000) (requiring statutory words and phrases to be interpreted according to common usage). The definitions in section 171.01 need not be consulted if "the language or context [in the chapter] clearly indicates that a different meaning is intended * * *." Minn.Stat. § 171.01, subd. 1 (2000). We are not persuaded by Stern's argument that the legislature may have intended the word "any" to refer to any of the four *types* of licenses issued by the Minnesota Commissioner of Public Safety. Because the statute includes the term "any" driver's license, section 171.22 prohibits the broadest group of fictitious drivers' licenses, including out-of-state licenses. *See* Minn.Stat. § 171.22, subd. 1(1).

We next consider Stern's argument that in section 171.22, subd. 1(1), the legislature may have specified "Minnesota" identification cards because the term "identification cards" is not otherwise defined in Chapter 171, while "license" is defined by Minn. Stat. § 171.01. Again, we are not persuaded by this argument. The limitation to "Minnesota" identification cards in section 171.22, subd. 1(1) merely contrasts the broad scope of the term "any" driver's license found earlier in the sentence.

The laws should be construed to avoid an absurd or unreasonable result. Minn. Stat. § 645.17(1) (2000). It would be unreasonable to determine that section 171.22, subd. 1(1) applies only to "fictitious" licenses issued or issuable by the commissioner of public safety, when the commissioner does not issue fictitious licenses. If, as Stern suggests, the statute includes only licenses issued or issuable by the commissioner of public safety, the result would be to eliminate all fictitious licenses from the purview of the statute. This is clearly an unreasonable result.

## DECISION

Because the plain language of the term "any license" in Minn.Stat. § 171.22 encompasses all drivers' licenses, not merely those issued or purported to be issued by the State of Minnesota, the statute extends to appellant's possession of a fictitious Illinois license.

**Affirmed.**