*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1946**

State of Minnesota,
Respondent,

vs.

James David Gertz, Jr.,
Appellant

**Filed April 27, 2015
Reversed and remanded
Worke, Judge**

Clay County District Court
File Nos. 14-CR-12-1641, 14-CR-08-6354,
14-CR-11-3126, 14-CR-12-1089

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Pamela Harris, Assistant County Attorney, Lori H. Conroy, Assistant County Attorney, Moorhead, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica M. Surges Shacka, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Peterson, Judge; and Connolly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**WORKE**, Judge

Appellant challenges his resentencing following remand from this court, arguing

that the district court erred by imposing a longer sentence after his successful appeal of

the original sentence and using the sex-offender grid and assigning a severity-level F to the unranked offense of incest. We reverse and remand for resentencing.

## FACTS

In October 2012, a jury found appellant James David Gertz, Jr. guilty of incest for having a sexual relationship with his half-sister, B.L.A. *State v. Gertz*, No. A13-0402, 2014 WL 1272101, at *1 (Minn. App. Mar. 31, 2014), *review denied* (Minn. June 17, 2014). The jury found Gertz not guilty of first- and third-degree criminal sexual conduct. The district court sentenced Gertz to 54 months in prison after assigning the unranked offense of incest a severity-level six.

Gertz appealed the district court's severity-level assignment. *Id.* This court reversed and remanded because the district court failed to do a proper analysis in assigning a severity level. *Id.*, at *9; *see State v. Kenard*, 606 N.W.2d 440, 443 (Minn. 2000) (outlining four factors that a district court must consider in assigning a severity level to an unranked offense).

On August 18, 2014, a different district court judge than the judge who had imposed the original sentence, resentenced Gertz. The district court assigned a severity level using the sex-offender grid instead of the sentencing-guidelines grid. The district court assigned the offense of incest a severity-level F and sentenced Gertz to the presumptive sentence of 59 months in prison.[1] This appeal follows.

---

[1] With Gertz's four criminal-history points, the presumptive sentence was 59 months in prison with a range of 51-70 months.

**D E C I S I O N**

*Sentence length*

This court reversed and remanded Gertz's original 54-month sentence. Gertz argues that the district court abused its discretion by resentencing him to a longer sentence, 59 months in prison. *See State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010) (stating that we review the district court's sentencing decision for an abuse of discretion), *review denied* (Minn. July 20, 2010).

On resentencing after a sentence has been set aside in a successful appeal, the district court "may not impose a more severe penalty than the sentence which it previously imposed." *State v. Wallace*, 327 N.W.2d 85, 88 (Minn. 1982); *State v. Prudhomme*, 303 Minn. 376, 380, 228 N.W.2d 243, 246 (1975). "To do so would have the effect of punishing [the] defendant for exercising his right to appeal from the sentence." *Wallace*, 327 N.W.2d at 88; *see Prudhomme*, 303 Minn. at 380, 228 N.W.2d at 246 (explaining that prohibition against a longer sentence after remand is based on procedural fairness and public policy).

Relying on *Bangert v. State*, the state argues that the general rule that a sentencing court is not authorized to impose a harsher sentence than originally imposed is inapplicable. 282 N.W.2d 540, 547 (Minn. 1979). In *Bangert*, a jury found the defendant guilty of two counts of first-degree murder. *Id.* at 544. The district court imposed two consecutive life sentences, but stayed execution of the second sentence. *Id.* The defendant petitioned for postconviction relief. *Id.* The postconviction court sua sponte amended the sentences by eliminating the stay of execution, because, by statute, the

3

sentencing court did not have the power to stay execution of a life sentence. *Id.* The defendant challenged the postconviction court's removal of the stay of execution, arguing that it improperly increased the severity of the original sentence. *Id.* at 547. The supreme court held that removal of the stay of execution was proper because under Minnesota law a district court cannot stay execution of a mandatory life sentence. *Id.* The court stated that the general rule that a district court is not authorized to impose a harsher sentence on resentencing than the sentence originally imposed was inapplicable because cases adhering to that rule involved meritorious challenges, whereas *Bangert* involved an error of law. *Id.*

The state claims that the district court made a similar mistake here by failing to make findings on the *Kenard* factors. But every remand by this court is based on a mistake by the district court. *See Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988) ("The function of the court of appeals is limited to identifying errors and then correcting them."). *Bangert* is distinguishable because the district court here did not originally impose an illegal sentence; instead, it failed to fully and accurately assess the *Kenard* factors. *Gertz*, 2014 WL 1272101, at *9. And Gertz had a meritorious challenge to the original sentence. Because the district court abused its discretion by increasing the length of Gertz's sentence, we reverse and remand with instructions to the resentencing court to impose a sentence no longer than the original 54-month sentence.

### Severity level

Gertz next argues that the district court erred by using the sex-offender grid to assign a severity level and by misapplying the *Kenard* factors.

**Sex-offender grid**

The presumptive felony sentence for an offender is determined by locating the appropriate cell of the sentencing guidelines grids, which represent the offense severity and the offender's criminal history. Minn. Sent. Guidelines II (2010). Most felony offenses are arranged on a grid with a severity-level range between one and eleven. Minn. Sent. Guidelines II.A (2010). Specified sex offenses are on a separate grid, ranging in severity between A and H. *Id.*

Some offenses have an unranked severity level. *Id.* Incest is unranked. Minn. Sent. Guidelines cmt. II.A.04 (2010).

> Incest was left unranked because, since 1975, the great majority of incest cases are prosecuted under the criminal sexual conduct statutes. If an offender is convicted of incest and the offense would have been a violation of one of the criminal sexual conduct statutes, the severity level of the applicable criminal sexual conduct statute should be used. For example, if a father is convicted of incest for the sexual penetration of his ten year old daughter, the appropriate severity level would be the same as criminal sexual conduct in the first degree. Conversely, when incest consists of behavior not included in the criminal sexual conduct statutes (for example, consenting sexual penetration involving individuals over age 18), sentencing judges should exercise their discretion to assign an appropriate severity level as described above.

*Id.*

When a district court imposes a sentence for an unranked offense, it must assign a severity level and support its assignment with findings. *Kenard*, 606 N.W.2d at 442. The district court should consider four factors when assigning a severity level to an unranked offense: (1) the gravity of the conduct underlying the proof of the elements of the

5

offense; (2) the severity level of ranked offenses that are similar to the unranked offense; (3) the severity level assigned to other offenders for the same unranked offense; and (4) the severity level assigned to other offenders who engaged in similar conduct. *Id.* at 443. This list is nonexclusive and no one factor is controlling. *State v. Bertsch*, 707 N.W.2d 660, 666 (Minn. 2006). This court reviews the district court's severity-level assignment to an unranked offense for an abuse of discretion. *Id.*

Gertz argues that the district court abused its discretion by using the sex-offender grid rather than the sentencing-guidelines grid to assign a severity level to incest. We agree.

First, incest is under "Crimes Against the Family" in the criminal code. *See* Minn. Stat. § 609.365 (2010). Most of the offenses on the sex-offender grid are under "Sex Crimes." *But see, e.g.*, Minn. Stat. § 617.247 (2010) (possession of pornographic work involving minors is on the sex-offender grid, but it is organized under the section of the criminal code entitled "Abortion; Obscenity; Nuisance").

Second, the comments to the sentencing guidelines note that incest is unranked because it is generally prosecuted with a criminal-sexual-conduct charge. Minn. Sent. Guidelines cmt. II.A.04. If an offender is convicted of incest and the criminal-sexual-conduct charge, the severity level of the criminal-sexual-conduct charge would be used. *Id.* And the sex-offender grid would be appropriate. But when the conviction is for incest alone, a district court should apply the *Kenard* factors in assigning an appropriate severity level. *Id.* That is the case here because Gertz was found guilty only of incest and not of a criminal-sexual-conduct charge. Because the district court could not use the

severity-level assigned to a criminal-sexual-conduct offense, the district court should not have used the sex-offender grid.

Finally, in *State v. Lubitz*, the supreme court held that when a person is convicted of incest and a criminal-sexual-conduct charge is dismissed, the district court cannot assign a severity-level to incest that is the equivalent to the dismissed charge. 472 N.W.2d 131, 133 (Minn. 1991). In *Lubitz*, the defendant, the complainant's father, was charged with incest and third-degree criminal sexual conduct because the complainant alleged that the defendant had intercourse with her when she was unconscious. *Id.* at 132. The defendant insisted that contact was consensual. *Id.* The state dismissed the criminal-sexual-conduct charge, and the defendant pleaded guilty to incest. *Id.*

The district court sentenced the defendant using a severity-level seven. *Id.* The defendant argued that the severity level was the same for third-degree criminal sexual conduct and that it was improper to sentence him as if the conduct underlying the incest conviction consisted of that supporting the criminal-sexual-conduct charge. *Id.* The supreme court agreed, stating that "[s]entencing him as if the penetration was as alleged by [the] complainant deprived him of the benefit of his plea bargain." *Id.* at 133

Here, the district court used the sex-offender grid after determining that incest could only be compared to crimes contained on the sex-offender grid. But because the jury did not find that Gertz committed a criminal-sexual-conduct offense, the district court should not have used the sex-offender grid. Because the district court abused its discretion by using the sex-offender grid, we reverse and remand with instructions to the

resentencing court to use the sentencing-guidelines grid to assign a severity level to the unranked offense of incest.

### *Kenard* **factors**

Gertz also argues that the district court abused its discretion in its application of the *Kenard* factors. Again, we agree.

The first factor is the gravity of the specific conduct underlying the unranked offense. *Kenard*, 606 N.W.2d at 443. The supreme court in *Kenard* explained: "By specific conduct, we mean that conduct underlying proof of the elements of the offense." *Id.* at 443 n.3.

The district court stated:

> It's apparent that the injuries that were suffered by the victim would be inconsistent with . . . [what Gertz] described . . . [as] an incident between two willing participants here. . . . [I]t's this Court's view . . . that . . . she wasn't a willing participant and that her injuries are inconsistent with [Gertz's] version.
> . . . .
> And I'll also note here that the victim had left the homeless shelter where she was staying. She was not able to return to that shelter given the time of day or evening that it was. It was [Gertz's] vehicle. There is also elements here of perhaps a vulnerability based on that she was in his vehicle . . . [and] she would have been smoking marijuana as well. So taking that conduct into consideration as well.

The district court's analysis is not appropriate considering that the court is limited to considering the "conduct underlying proof of the elements of the offense." *Id.* The elements of incest in this case include, on April 17, 2012, in Clay County, Gertz had: (1) sexual intercourse, (2) with B.L.A., (3) knowing that B.L.A. is his half-sister. Minn. Stat. § 609.365. The elements of the offense do not take into consideration B.L.A.'s

8

injuries, willingness, or vulnerability. The district court abused its discretion in doing so. This is especially true when caselaw prohibits a district court from considering elements of a dismissed charge. *See Lubitz*, 472 N.W.2d at 133.

The jury acquitted Gertz of first- and third-degree criminal sexual conduct. Elements of first-degree criminal sexual conduct include using force or coercion to accomplish penetration and causing personal injury. Minn. Stat. § 609.342, subd. 1(e)(i) (2010). Third-degree criminal sexual conduct also includes the element of using force or coercion to accomplish penetration. Minn. Stat. § 609.344, subd. 1(c) (2010). Because the jury found Gertz not guilty of these offenses, the district court could not use its own findings of injuries and unwillingness in assigning a severity level.

The second factor is the severity level assigned to any ranked offense with elements similar to those of the unranked offense. *Kenard*, 606 N.W.2d at 443. The district court determined that fourth-degree criminal sexual conduct was similar and that third-degree criminal sexual conduct "could be applicable as well." Because Gertz was acquitted of third-degree criminal sexual conduct, the district court was incorrect in stating that third-degree criminal sexual conduct could be applicable. *See Lubitz*, 472 N.W.2d at 131 (holding that it is inappropriate to equate offense of conviction with a charged offense that was dismissed).

The district court's comparison of incest to fourth-degree criminal sexual conduct may have been fitting. But an element of fourth-degree criminal sexual conduct is that the complainant is under 18 years of age. Minn. Stat. § 609.345, subd. 1(f) (2010) (stating that a person is guilty of fourth-degree criminal sexual conduct when the actor

9

engages in sexual contact with someone with whom he has a significant relationship and that person is under 18 years of age). Fifth-degree criminal sexual conduct could also be applicable. *See* Minn. Stat. § 609.3451, subd. 1 (2010) (stating that a person is guilty of fifth-degree criminal sexual conduct when he engages in nonconsensual sexual contact). But the district court did not consider the elements of fifth-degree criminal sexual conduct.

The third factor is the conduct of and severity level assigned to other offenders for the same unranked offense. *Kenard*, 606 N.W.2d at 443. The district court determined that between 1981 and 2011 incest was ranked anywhere between four and nine and most frequently at five. The district court correctly identified previous severity-level assignments for incest. *See* Minnesota Sent. Guidelines Comm'n, *Frequency and Severity of Unranked Offenses: Sentenced 1981-2013* (2014). Noteworthy is the consistent use of the sentencing-guidelines grid rather than the sex-offender grid despite the introduction of the sex-offender grid in 2006.

But the district court did not compare the conduct of other offenders for the same unranked offense. *See, e.g.*, *Lubitz*, 472 N.W.2d at 132, 134 (concluding that incest should have been given a severity-level six for conduct involving an incestuous relationship between the defendant and his daughter); *State v. Wilson*, 524 N.W.2d 271, 272, 275 (Minn. App. 1994) (concluding that severity-level six assigned to incest was appropriate in sentencing defendant who had sexual intercourse with the daughter of his half-sister); *State v. Bordeaux*, No. CO-91-1371, 1991 WL 210064, at *1,*2 (Minn. App. Oct. 22, 1991) (reversing and remanding severity-level assignment of seven for incest—

conduct between a brother and sister—when district court acted as fact-finder regarding disputed conduct and assigned a severity level based on findings regarding that conduct). The district court failed to do a full assessment of this factor.

The fourth factor is the severity level assigned to other offenders who engaged in similar conduct. *Kenard*, 606 N.W.2d at 443. Because the district court compared incest to fourth-degree criminal sexual conduct and used the sex-offender grid, it stated that there were no offenders since 2006 who engaged in similar conduct. Gertz accurately asserts that because incest is so narrowly defined there does not appear to be a meaningful way to apply this factor.

Regardless of application of the fourth factor, the district court misapplied the first factor by relying on its own fact-finding and failed to fully analyze the third factor by not comparing the conduct of other offenders for the same unranked offense. Because the district court abused its discretion, we reverse and remand with instructions to fully analyze the *Kenard* factors in assigning a severity level to the unranked offense of incest.

**Reversed and remanded.**

11