STATE of Minnesota, Respondent,

v.

Eugene Lee RUSHTON, Appellant.

No. A11–1734.

Court of Appeals of Minnesota.

Sept. 17, 2012.

## OPINION

WRIGHT, Judge.

Appellant challenges his sentence, arguing that the minimum term of imprisonment imposed in conjunction with his life sentence is an upward departure from the sentencing guidelines that required the district court to articulate a valid basis for the departure. We affirm in part, reverse in part, and remand.

## FACTS

On April 18, 2011, the Clay County grand jury returned an indictment against appellant Eugene Lee Rushton, charging him with two counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct. Minn.Stat. §§ 609.342, subd. 1(b), (g), 609.343, subd. 1(b), (g) (2010). The grand jury also alleged that Rushton's conduct meets the requirements for a mandatory life sentence for certain repeat sex offenders. Minn.Stat. § 609.3455, subd. 4(a)(1).

The following month, Rushton pleaded guilty to one count of first-degree criminal sexual conduct, a violation of Minn.Stat. § 609.342, subd. 1(b).[1] During the guilty-plea colloquy, Rushton admitted that he digitally penetrated the vagina of the 15-year-old victim while she slept and that his relationship to the victim established that he held a position of authority over her. Rushton also admitted that he has two prior sex-offense convictions. The district court accepted Rushton's guilty plea and adjudicated him guilty of first-degree criminal sexual conduct.

Lori Swanson, Attorney General, Pamela L. Harris, Assistant Attorney General, St. Paul, MN, Brian Melton, Clay County Attorney, Moorhead, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Sean M. McGuire, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by WRIGHT, Presiding Judge; ROSS, Judge; and HOOTEN, Judge.

---

1. Minn.Stat. § 609.342, subd. 1(b), provides: A person who engages in sexual penetration with another person ... is guilty of criminal sexual conduct in the first degree if ... the complainant is at least 13 years of age but less than 16 years of age and the actor is more than 48 months older than the complainant and in a position of authority over the complainant. Neither mistake as to the complainant's age nor consent to the act by the complainant is a defense.

At the sentencing hearing, the district court questioned whether the plea agreement, which included a life sentence with a minimum term of imprisonment of 300 months, was an upward departure from the presumptive guidelines sentence. Acknowledging that the probation officer who prepared the presentence investigation report believed that a life sentence would be an upward departure, the district court and counsel for both parties disagreed with the probation officer and concluded that, in light of the offense charged in the indictment to which Rushton pleaded guilty, the negotiated sentence did not constitute an upward departure. The district court sentenced Rushton in accordance with the parties' plea agreement and dismissed counts two through four of the indictment. In doing so, the district court found that, in the event that the life sentence imposed is an upward departure, the life sentence is supported by Rushton's two prior sex-offense convictions. The parties, however, did not consider whether the 300–month minimum term of imprisonment imposed in conjunction with the life sentence is a departure from the sentencing guidelines. This appeal followed.

## ISSUE

Did the district court err by setting a minimum term of imprisonment that is longer than the presumptive sentencing-guidelines range?

## ANALYSIS

■ Rushton argues that, when imposing the life sentence, the district court erred by setting the minimum term of imprisonment above the presumptive sentencing-guidelines range. Rushton's argument presents an issue of statutory interpretation, which, as a question of law, we review de novo. *State v. Hodges,* 784 N.W.2d 827, 830 (Minn.2009).

■ Under Minnesota law, if a person with two prior sex-offense convictions is convicted of first-degree criminal sexual conduct, the offender is subject to a mandatory life sentence. Minn.Stat. § 609.3455, subd. 4(a)(1). When imposing the life sentence, the district court "shall specify a minimum term of imprisonment, based on the sentencing guidelines or any applicable mandatory minimum sentence, that must be served before the offender may be considered for supervised release." Minn.Stat. § 609.3455, subd. 5 (2010). The minimum term of imprisonment is determined by "using the procedures that would have been used to sentence the defendant in the absence of the mandatory life sentence found in [Minn.Stat. § 609.3455, subd. 4(a)(1) ]—that is, by reference to any applicable mandatory minimum sentence or the sentencing guidelines." *Hodges,* 784 N.W.2d at 833. A minimum term of imprisonment that departs from any applicable mandatory minimum sentence or the sentencing guidelines is an upward departure. *Id.*

■ When a district court imposes an upward departure, it must articulate a substantial and compelling reason for doing so. *State v. Schmit,* 601 N.W.2d 896, 898 (Minn.1999). "Substantial and compelling" reasons are those that establish that the defendant's conduct was significantly more or less serious than that typically involved in the offense at issue. *State v. Edwards,* 774 N.W.2d 596, 601 (Minn.2009). The presence of a single aggravating factor is sufficient to uphold an upward departure. *See State v. O'Brien,* 369 N.W.2d 525, 527 (Minn.1985). But "a plea agreement— standing alone—is not a sufficient basis to depart from the sentencing guidelines." *State v. Misquadace,* 644 N.W.2d 65, 72 (Minn.2002).

■ We first determine whether Rushton's sentence constitutes a departure. Rushton was convicted of first-degree criminal sexual conduct. Minn.Stat. § 609.342, subd. 1(b). Because Rushton has two prior sex-offense convictions, his conviction of first-degree criminal sexual conduct warranted a mandatory life sentence. *See* Minn.Stat. § 609.3455, subd. 4(a)(1). But Rushton may be considered for supervised release after a specified minimum term of imprisonment. *See id.,* subd. 5. This minimum term of imprisonment presumptively corresponds with the sentence that the district court would have imposed absent the mandatory life sentence. *See Hodges,* 784 N.W.2d at 833. Here, absent the mandatory life sentence, a conviction under Minn.Stat. § 609.342, subd. 1(b), would warrant a mandatory minimum executed sentence of 144 months, "[u]nless a longer mandatory minimum sentence is otherwise required by law or the Sentencing Guidelines provide for a longer presumptive executed sentence." Minn.Stat. § 609.342, subd. 2(b) (2010). Based on Rushton's criminal-history score, his presumptive guidelines sentence would be 180 months' imprisonment.[2] *See* Minn. Sent. Guidelines II.C. (2010). Because Rushton's presumptive sentence under the sentencing guidelines is longer

than 144 months, there is no applicable mandatory minimum sentence. *See* Minn. Stat. § 609.342, subd. 2(b). Thus, Rushton's minimum term of imprisonment must be based on the sentencing guidelines. *See Hodges,* 784 N.W.2d at 833. The presumptive sentencing-guidelines range for Rushton is 153 to 216 months. *See* Minn. Sent. Guidelines II.C. Because the district court imposed a minimum term of imprisonment of 300 months, which is outside of the presumptive sentencing-guidelines range, Rushton's sentence is an upward departure.

■ In light of this conclusion, we consider whether the district court articulated a substantial and compelling reason to justify the sentencing departure. Our careful review of the record establishes that the district court did not consider whether Rushton's 300–month minimum term of imprisonment is a sentencing-guidelines departure; thus, no reasons for this departure were stated on the record.[3] Because the district court erred by departing from the sentencing guidelines without stating substantial and compelling reasons when setting the minimum term of imprisonment, we reverse this aspect of the sentence and remand to the district court for resentencing.[4] On remand, the district

---

2. This calculation is based on Rushton's criminal-history·score of 3 and the crime of first-degree criminal sexual conduct.

3. The district court correctly concluded that Rushton's life sentence is not a sentencing-guidelines departure. The district court also observed that, if the life sentence were a departure, it would be justified by Rushton's two prior sex-offense convictions. Because Minn. Stat. § 609.3455, subd. 4(a)(1), requires two prior sex-offense convictions to override the statutory maximum penalty and impose a life sentence, Rushton's two prior sex-offense convictions would not provide a valid basis for departing from the sentencing guidelines. *See Edwards,* 774 N.W.2d at 601–02 (stating that district court may not base an upward

departure on facts that, "while not necessary to satisfy the elements of the offense in question, were nonetheless contemplated by the legislature when it set the punishment for the offense being sentenced").

4. Although the district court sentenced Rushton in accordance with a plea agreement, a plea agreement "standing alone" does not justify a sentencing departure. *Misquadace,* 644 N.W.2d at 71; *see also State v. Petersen,* 799 N.W.2d 653, 659 (Minn.App.2011) (applying *Misquadace* ), *review denied* (Minn. Sept. 28, 2011). Rather, when a plea agreement includes a sentencing departure, the district court "must determine whether the offense of conviction reflects any aggravating or mitigating circumstances that warrant a departure."

court shall set a minimum term of imprisonment within the presumptive guidelines range of 153 to 216 months. *See State v. Geller*, 665 N.W.2d 514, 517 (Minn.2003) (on remand a guidelines sentence must be imposed if district court did not state reasons for departure on the record).

## DECISION

When imposing a life sentence pursuant to Minn.Stat. § 609.3455, subd. 4, the district court departed from the sentencing guidelines by setting a minimum term of imprisonment of 300 months, which exceeds the duration of the presumptive sentencing-guidelines range of 153 to 216

months. Because the district court did not articulate a reason for the sentencing departure, we affirm the life sentence but reverse the minimum term of imprisonment imposed and remand for resentencing in accordance with this decision.

**Affirmed in part, reversed in part, and remanded.**

*Misquadace*, 644 N.W.2d at 71; *see also Petersen*, 799 N.W.2d at 659. Here, neither the district court nor the parties acknowledged that Rushton's minimum term of imprisonment is a departure. Thus, the district court provided no basis for the departure at issue.