*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0584**

Eugene Lee Rushton, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed February 16, 2016
Affirmed
Peterson, Judge**

Clay County District Court
File No. 14-CR-11-1087

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Erik I. Withall, Assistant Public Defenders, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Pamela Harris, Assistant County Attorney, Moorhead, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Peterson, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from the denial of his motion to correct his life sentence under Minn. Stat. § 609.3455, subd. 4(a)(1) (2010), for first-degree criminal sexual conduct, appellant

argues that his minimum term of imprisonment should be two-thirds of the 216-month minimum term of imprisonment specified by the district court. We affirm.

## FACTS

Appellant Eugene Lee Rushton pleaded guilty to one count of first-degree criminal sexual conduct for an offense that occurred in March 2011. Because Rushton had two prior sex-offense convictions, he was subject to a mandatory life sentence under Minn. Stat. § 609.3455, subd. 4(a)(1). When sentencing an offender under Minn. Stat. § 609.3455, subd. 4, the district court is required to specify a minimum term of imprisonment that must be served before the offender may be considered for supervised release. Minn. Stat. § 609.3455, subd. 5 (2010). At the sentencing hearing, the district court imposed a life sentence and specified a 300-month minimum term of imprisonment, in accordance with Rushton's plea agreement.

Rushton appealed to this court, arguing that the 300-month minimum term of imprisonment was an upward departure from the presumptive sentence, for which the district court did not provide a substantial and compelling reason. *State v. Rushton*, 820 N.W.2d 287, 288-89 (Minn. App. 2012). This court held that "[w]hen imposing a life sentence pursuant to Minn. Stat. § 609.3455, subd. 4 (2010), a district court departs from the Minnesota Sentencing Guidelines when it sets a minimum term of imprisonment that is outside the presumptive sentencing-guidelines range." *Id.* at 288. This court affirmed the imposition of a life sentence, but reversed the 300-month minimum term of imprisonment and remanded for resentencing. *Id.* at 291. On remand, the district court

2

imposed a 216-month minimum term of imprisonment, which was the top of the 153-to-216-month presumptive guidelines-sentence range for Rushton's first-degree offense.

Two years later, Rushton filed a motion under Minn. R. Crim. P. 27.03, subds. 9-10, to correct a sentence not authorized by law, arguing that his minimum term of imprisonment should be two-thirds of the presumptive executed sentence, which would be 144 months. The district court denied the motion. This appeal followed.

### D E C I S I O N

Rushton challenges the district court's interpretation of Minn. Stat. § 609.3455, subd. 5, which states: "At the time of sentencing under [section 609.3455,] subdivision 3 or 4, the court shall specify a minimum term of imprisonment, based on the sentencing guidelines or any applicable mandatory minimum sentence, that must be served before the offender may be considered for supervised release."[1] We review a question of statutory interpretation de novo. *State v. Riggs*, 865 N.W.2d 679, 682 (Minn. 2015).

In *State v. Hodges*, the supreme court considered a similar issue. 784 N.W.2d 827 (Minn. 2009). The defendant was a repeat sex offender who was sentenced under Minn. Stat. § 609.3455, subd. 4(a)(1), to life imprisonment with a 240-month minimum term of

---

[1] "The commissioner of corrections may, under rules promulgated by the commissioner, give supervised release to an inmate serving a mandatory life sentence under section . . . 609.3455, subdivision 3 or 4 . . . after the inmate has served the minimum term of imprisonment specified in subdivision 4." Minn. Stat. § 244.05, subd. 5(a) (Supp. 2015). "An inmate serving a mandatory life sentence under section 609.3455, subdivision 3 or 4, must not be given supervised release under this section without having served the minimum term of imprisonment specified by the court in its sentence." *Id.*, subd. 4(d) (2014).

3

imprisonment, which this court held was consistent with Minn. Stat. § 609.3455, subd. 5. *Id.* at 828, 830. The supreme court granted review "on the single issue of how a district court should determine a minimum period of imprisonment under Minn. Stat. § 609.3455, subd. 5." *Id*. at 830. The supreme court concluded that the minimum term of imprisonment is the mandatory minimum sentence set forth by statute for the predicate offense; but if there is no mandatory minimum for the predicate offense, "the proper procedure for pronouncing Hodges' minimum term of imprisonment was to follow the same procedure a district court would have used under the sentencing guidelines to sentence Hodges in the absence of the mandatory life sentence imposed by Minn. Stat. § 609.3455, subd. 4." *Id.* at 833.

In Rushton's first appeal, this court applied the reasoning of *Hodges* and concluded that under Minn. Stat. § 609.342, subd. 2(b), which established the penalty for Rushton's offense, "absent the mandatory life sentence, [Rushton would receive] a mandatory minimum executed sentence of 144 months, unless a longer mandatory minimum sentence is otherwise required by law or the Sentencing Guidelines provide for a longer presumptive executed sentence." *Rushton*, 820 N.W.2d at 290 (quotation omitted). Because Rushton had a criminal-history score of three, his presumptive executed sentence under the sentencing guidelines was longer than the statutory mandatory minimum sentence of 144 months. *Id*. at 290 & n.2. This court concluded, "Thus, Rushton's minimum term of imprisonment must be based on the sentencing guidelines. The presumptive sentencing-guidelines range for Rushton is 153 to 216 months." *Id.* at 290 (citation omitted). This court remanded the matter to the district court with instructions to "set a minimum term of

4

imprisonment within the presumptive guidelines range of 153 to 216 months." *Id.* at 290-91. On remand, the district court specified a 216-month minimum term of imprisonment.

Rushton argues that the sentencing guidelines "define minimum term of imprisonment as two-thirds of the executed guidelines sentence. . . . Therefore, at most, [Rushton's] minimum term of imprisonment should be two-thirds of 216 months, or 144 months." *See* Minn. Sent. Guidelines cmt. II.C.03 (2010). But Rushton's argument ignores Minn. Stat. § 609.3455, subd. 4(a)(1), which states: "Notwithstanding the statutory maximum penalty otherwise applicable to the offense, the court shall sentence a person to imprisonment for life if the person is convicted of violating section 609.342 . . . and . . . the person has two previous sex offense convictions." Under the plain language of the statute, Rushton's executed sentence is a life sentence, not 216 months. Furthermore, Minn. Stat. § 244.101, subd. 1 (2010), provides:

> When a felony offender is sentenced to *a fixed executed sentence* . . . , the executed sentence consists of two parts: (1) a specified minimum term of imprisonment that is equal to two-thirds of the executed sentence; and (2) a specified maximum supervised release term that is equal to one-third of the executed sentence.

(Emphasis added.) Because the length of an offender's life is not known at the time of sentencing, a life sentence is not a fixed sentence, and it is not possible to determine a term of imprisonment that is equal to two-thirds of a life sentence.

In *Hodges*, after holding that Hodges' 240-month minimum term of imprisonment, which was a durational departure under the sentencing guidelines, was supported by sufficient aggravating factors, the supreme court affirmed the 240-month minimum term

5

of imprisonment.  784 N.W.2d at 834.  It did not hold that the minimum term of imprisonment was two-thirds of 240 months.  Accordingly, we affirm Rushton's 216-month minimum term of imprisonment.

Under Minn. Stat. § 244.05, subd. 4(d), Rushton must not be given supervised release until he has served the minimum term of imprisonment.  After serving 216 months, he may be given supervised release if permitted under rules promulgated by the commissioner.  Minn. Stat. § 244.05, subd. 5(a).

**Affirmed.**