**STATE of Minnesota, Respondent,**

v.

**Steven Dale LEATHERS, Appellant.**

Nos. A09–0926, A09–0934.

Supreme Court of Minnesota.

July 20, 2011.

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, MN; and John J. Muhar, Itasca County Attorney, Grand Rapids, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Suzanne M. Senecal–Hill,

Assistant State Public Defender, St. Paul, MN, for appellant.

## OPINION

MEYER, Justice.

Steven Dale Leathers was convicted of five counts of first-degree assault against a peace officer, Minn.Stat. § 609.221, subd. 2(a) (2010) (prohibiting a person from assaulting a peace officer by using or attempting to use deadly force while the officer is engaged in a lawful duty), arising out of an October 20, 2006, incident involving five law enforcement officers. The district court imposed concurrent sentences totaling 189 months with eligibility for supervised release after 126 months in prison. Leathers appealed his conviction. The State appealed the sentence, arguing that the district court erred when it ruled that Leathers would be eligible for supervised release after serving 126 months in prison (two-thirds of his 189–month sentence). The court of appeals upheld Leathers' conviction, but reversed the sentence, holding that Leathers was not eligible for supervised release. *State v. Leathers*, Nos. A09–926, A09–934, 2010 WL 2265601 at *6–8 (Minn.App. June 8, 2010). This court granted review on the supervised release issue, and we now reverse the court of appeals and affirm the district court's decision.

■■■ Whether Minn.Stat. § 609.221, subd. 2(b) (2010), bars the possibility of supervised release is a question of statutory interpretation, which we review de novo. *See State v. Bluhm*, 676 N.W.2d 649, 651 (Minn.2004). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2010). "[W]hen the legislature's intent is clear from plain and unambiguous statutory language, this court does not engage in

any further construction and instead looks to the plain meaning of the statutory language." *Bluhm*, 676 N.W.2d at 651 (internal quotation marks omitted). "A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Amaral v. Saint Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn. 1999) (citing Minn.Stat. § 645.16 (2010)). When the court is faced with an ambiguous criminal statute, the ambiguity should be resolved in favor of the criminal defendant in the interest of lenity. *State v. Niska*, 514 N.W.2d 260, 265 (Minn.1994).

■■■ Minnesota Statutes § 609.221, subd. 2(a), establishes that a person who assaults a peace officer "may be sentenced to imprisonment for not more than 20 years or to payment of a fine of not more than $30,000, or both." The offense is subject to a minimum sentence:

> A person convicted of assaulting a peace officer ... shall be committed to the commissioner of corrections for not less than ten years, nor more than 20 years. A defendant convicted and sentenced as required by this paragraph is not eligible for probation, parole, discharge, work release, or supervised release, until that person has served the full term of imprisonment as provided by law, notwithstanding the provisions of sections 241.26, 242.19, 243.05, 244.04, 609.12, and 609.135. Notwithstanding section 609.135, the court may not stay the imposition or execution of this sentence.

*Id.*, subd. 2(b). The district court interpreted this provision to mean that Leathers was eligible for supervised release after serving 126 months of his 189–month term of imprisonment. The court of appeals interpreted this provision to mean that the phrase "full term of imprisonment" required Leathers to serve his entire sentence with no eligibility for super-

vised release. *Leathers,* 2010 WL 2265601, at *8.

Determining the legislative intent requires us to define the phrase "full term of imprisonment." Leathers argues that a term of imprisonment is two-thirds of an executed sentence as defined in Minn.Stat. § 244.01, subd. 8 (2010). Under that definition, the language of the first-degree assault statute would require Leathers to serve two-thirds of his executed sentence in prison. After that time, assuming he had no disciplinary violations, he would be eligible for supervised release, work release, and, eventually, discharge. The State argues that the definition in section 244.01 does not apply; that nothing in the language of Minn.Stat. § 609.221, subd. 2(b), limits a term of imprisonment to two-thirds of a sentence; and that absent such language in the first-degree assault statute itself, a person convicted under that statute must serve the entire term of his or her sentence in prison. The court of appeals held that the definitions in Minn. Stat. § 244.01 apply exclusively to sections 244.01 through 244.11 and that the phrase "full term of imprisonment" requires Leathers to serve the full amount of time imposed by the sentence in prison without the possibility of supervised release. *Leathers,* 2010 WL 2265601, at *8.

The plain language of Minn.Stat. § 609.221, subd. 2(b), makes an offender convicted under subdivision 2(a) ineligible for "probation, parole, discharge, work release, or supervised release" until the offender has served the "full term of imprisonment." Neither section 609.221 nor the remainder of chapter 609 provides a definition for the key phrase in the statute: "full term of imprisonment." In the absence of a statutory definition, we generally turn to the plain, ordinary meaning of a statutory phrase. *See* Minn.Stat. § 645.08 (2010). One reasonable interpretation of the phrase "full term of imprisonment" is "the complete or entire duration of a fixed and definite extent of time a person *is confined in prison.*" This definition of the phrase "full term of imprisonment" does not contemplate or require *any* period of supervised release, much less a period of supervised release not to exceed one-third of an offender's executed sentence. Rather, this interpretation of the phrase "full term of imprisonment" speaks only to the entirety of an inmate's fixed and definite period of confinement in prison, not to whether an offender is eligible for probation, parole, discharge, supervised release, or work release at some point during his or her executed sentence.

■ However, "full term of imprisonment" is susceptible to another reasonable interpretation. In construing statutes, we assume that the Legislature enacts statutes "with full knowledge of prior legislation on the same subject." *Meister v. W. Nat. Mut. Ins. Co.,* 479 N.W.2d 372, 378 (Minn.1992). Here, another statutory provision defining the phrase "term of imprisonment" as two-thirds of an executed sentence preceded the Legislature's enactment of section 609.221, subdivision 2, by four years. *See* Act of May 30, 1997, ch. 239, art. 3, § 10, 1997 Minn. Laws 2742, 2779 (codified at Minn.Stat. § 609.221, subd. 2 (2010)); Act of May 20, 1993, ch. 326, art. 9, § 3, 1993 Minn. Laws 1974, 2087 (codified at Minn.Stat. § 244.01, subd. 8). Minnesota Statutes § 244.01, subd. 8, defines the phrase "term of imprisonment" as "the period of time equal to two-thirds of the inmate's executed sentence." These two chapters of the Minnesota Statutes are interrelated: chapter 244 governs the sentencing of offenders convicted of crimes defined in chapter 609. Therefore, another reasonable interpretation of the phrase "full term of imprisonment" is "the period of

time equal to two-thirds of the inmate's executed sentence." [1]

Although chapter 244 provides the framework for imposing sentences for criminal offenses, express statutory language limits the applicability of the definitions in section 244.01 to certain provisions in chapter 244. According to section 244.01, subdivision 1, the definitions, including the definition for the phrase "term of imprisonment," are "for purposes of sections 244.01 to 244.11." Because the definitions in section 244.01 do not expressly apply to subdivision 2 of section 609.221, it would be reasonable to apply the plain, ordinary meaning of the phrase "full term of imprisonment."

Limiting the application of section 244.01, however, disregards the interrelationship between chapters 244 and 609. Chapter 244 provides the procedures for sentencing offenders and managing the conditions of confinement for crimes committed under chapter 609, including the offense of first-degree assault of a police officer. In other words, the very provisions to which the statutory definition of "term of imprisonment" are expressly limited—sections 244.01 to 244.11—relate to the imposition and administration of sentences for crimes committed under chapter 609. Section 244.10, for example, sets forth the grounds upon which district courts may depart from the Sentencing Guidelines. Minn.Stat. § 244.10 (2010). Similarly, section 244.11 governs appellate review of sentences, including sentences imposed for crimes committed under chapter 609. *Id.* § 244.11 (2010). In fact, case law recognizes the interrelationship between chapters 244 and 609. *See, e.g., Vickla v. State,* 793 N.W.2d 265, 270 (Minn.2011) (concluding that Minn.Stat. § 244.11, subd. 2(b) (2010), allows appellate courts to review sentences imposed under Minn.Stat. § 609.1095, subd. 4 (2010)); *State v. Edwards,* 774 N.W.2d 596, 607 n. 10 (Minn.2009) (noting that an amendment to Minn.Stat. § 244.10 (2008) clarified the extent to which Minn.Stat. § 609.035 (2008) limited the imposition of upward departures); *State v. Leake,* 699 N.W.2d 312, 321 (Minn.2005) (referencing chapter 609 and chapter 244 to interpret a defendant's term of imprisonment with the possibility of supervised release).

On the one hand, because the definitions in section 244.01 are "for purposes of sections 244.01 to 244.11," it is reasonable to interpret the phrase "full term of imprisonment" in section 609.221, subdivision 2(b), without reference to section 244.01. Yet the broad-ranging applicability of chapter 244 to offenders sentenced for crimes committed under chapter 609 supports a different interpretation—that the phrase "full term of imprisonment" is the

---

1. The State emphasizes the fact that subdivision 2(b) of section 609.221 uses the phrase *"full* term of imprisonment" (emphasis added) rather than "term of imprisonment," only the latter of which is defined in subdivision 8 of section 244.01. The plain and ordinary meaning of the word "full" is "[c]omplete" or "entire." *The American Heritage Dictionary of the English Language* 710 (4th ed.2009). The use of the word "full" before the phrase "term of imprisonment" in Minn.Stat. § 609.221, subd. 2(b), means that an offender convicted of first-degree assault of a peace officer must serve his or her "complete" or "entire" term of imprisonment before becoming eligible for probation, parole, discharge, work release, or supervised release. The addition of the word "full" in section 609.221, subdivision 2(b), adds little to our interpretive task here, which is to determine whether "term of imprisonment" means two-thirds of an offender's executed sentence or the fixed period of time an offender must be confined in prison. Neither party disputes that an offender convicted under subdivision 2 of section 609.221 must serve the *full* term of imprisonment; rather, the parties disagree about the meaning of the phrase "term of imprisonment."

period of time equal to two-thirds of the offender's executed sentence. Accordingly, we conclude that subdivision 2(b) of section 609.221 is ambiguous because it is susceptible to more than one reasonable interpretation.

## II.

■ When a statutory provision is ambiguous, it is appropriate to turn to the canons of statutory construction to ascertain a statute's meaning. *See Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn.1986). Relying on two canons of statutory construction—the doctrine of in pari materia and the rule of lenity—we conclude that the better interpretation of "full term of imprisonment" in section 609.221, subdivision 2(b), is a period of time equal to two-thirds of an offender's executed sentence.

■ First, sections 609.221, subdivision 2(b), and 244.01, subdivision 8, must be construed together because they are in pari materia. "The doctrine of *in pari materia* is a tool of statutory interpretation that allows two statutes with common purposes and subject matter to be construed together to determine the meaning of ambiguous statutory language." *State v. Lucas,* 589 N.W.2d 91, 94 (Minn.1999). As stated above, chapter 244 sets out the procedures for the imposition and administration of criminal sentences, while chapter 609 defines the underlying criminal offenses. Therefore, chapters 244 and 609 share a common purpose and subject matter because together they provide for the conviction and sentencing of criminal offenders in Minnesota.

Moreover, according to another section in chapter 244, every executed sentence imposed after August 1, 1993, must have the following two parts: "(1) a specified minimum term of imprisonment that is equal to two-thirds of the executed sentence; and (2) a specified maximum supervised release term that is equal to one-third of the executed sentence." Minn. Stat. § 244.101, subd. 1 (2010). Although section 609.221, subdivision 2(b), requires a court to sentence an offender to the "full term of imprisonment" "notwithstanding the provisions of sections 241.26, 242.19, 243.05, 244.04, 609.12, and 609.135," section 609.221 does not prohibit, nor even mention, the application of section 244.101 in calculating an offender's sentence. Requiring an offender to spend the entirety of his or her executed sentence in prison would never permit a person convicted of first-degree assault of a peace officer to become eligible for supervised release, which directly contravenes the requirements of section 244.101, subdivision 1.

■ Second, we apply the rule of lenity under these circumstances. "[W]hen the language of a criminal law is ambiguous, we construe it narrowly according to the rule of lenity." *State v. Maurstad,* 733 N.W.2d 141, 148 (Minn.2007); *see also Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971) ("[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity."). In keeping with that principle, we also "strictly construe minimum term statutes against the State." *State v. Lubitz,* 472 N.W.2d 131, 133 (Minn.1991).

We conclude that the definition of the phrase "full term of imprisonment" in Minn.Stat. § 609.221, subd. 2(b), means two-thirds of a defendant's executed prison sentence. Thus, Leathers is ineligible for work release or supervised release until he has served a full two-thirds of his sentence, after which point he may be eligible for supervised release subject to the completion of any disciplinary confinement period and other requirements for supervised release. *See* Minn.Stat. § 244.05, subd. 1b.

We therefore reverse the court of appeals and affirm the district court's decision.

Reversed.