Michael A. JOHNSON, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. A11–2226.

Court of Appeals of Minnesota.

Aug. 27, 2012.

David W. Merchant, Chief Appellate Public Defender, Cathryn Middlebrook, Assistant Public Defender, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and Robin Finke, Swift County Attorney, Harry D. Hohman, Assistant County Attorney, Benson, MN, for respondent.

Considered and decided by CHUTICH, Presiding Judge; KALITOWSKI, Judge; and STONEBURNER, Judge.

## OPINION

KALITOWSKI, Judge.

Appellant Michael A. Johnson challenges the district court's denial of his petition for postconviction relief, asserting that the district court erred in concluding that Minn. Stat. § 609.2232 mandated a consecutive sentence for an assault he committed while serving a Washington state sentence at a private correctional facility located in Minnesota.

## FACTS

Prior to December 2007, appellant was convicted of an offense in Washington state and sentenced by a Washington state court. To serve the sentence, appellant was incarcerated at the Prairie Correctional Facility (PCF), owned by Corrections Corporation of America (CCA) and located in Appleton, Minnesota.

On December 1, 2007, appellant punched a fellow PCF inmate and was charged with third-degree assault—substantial bodily harm, in violation of Minn.Stat. § 609.223, subd. 1 (2006). Appellant pleaded guilty to third-degree assault with the condition that the offense be sentenced as a gross misdemeanor. Relying on Minn.Stat. § 609.2232, the district court committed appellant to the custody of the commissioner of corrections for 365 days and ordered that the sentence run consecutively to his Washington state sentence.

Appellant filed a petition for postconviction relief, arguing that Minn.Stat. § 609.2232 was inapplicable and requesting that his sentence be modified to run concurrently. The district court determined that the phrase "state correctional facility" was ambiguous, but reasoned that

construing section 609.2232 as inapplicable to inmates of private facilities would lead to the absurd result that offenders confined in private facilities would be treated more favorably than offenders confined in state-operated facilities. The district court concluded that "state correctional facility" applied to PCF and therefore Minn.Stat. § 609.2232 mandated consecutive sentencing for appellant's third-degree assault conviction.

## ISSUE

Does Minn.Stat. § 609.2232 mandate consecutive sentencing for an assault committed by a person confined in a private correctional facility?

## ANALYSIS

■■■■ The construction of a criminal statute is a question of law subject to de novo review. *State v. Koenig,* 666 N.W.2d 366, 372 (Minn.2003). The object of all statutory interpretation is to effectuate the intent of the legislature. Minn.Stat. § 645.16 (2010). We construe the words and phrases in a statute in accordance with their plain and ordinary meaning, and if the statute is unambiguous, we apply the plain language. *State v. Zais,* 805 N.W.2d 32, 38 (Minn.2011). When construing a penal statute, all reasonable doubt as to the legislature's intent is resolved in favor of the defendant. *State v. Colvin,* 645 N.W.2d 449, 452 (Minn.2002).

We first determine whether section 609.2232 is ambiguous. Minn.Stat. § 609.2232 provides:

If an inmate of a state correctional facility is convicted of violating section 609.221, 609.222, 609.223, 609.2231, or 609.224 [first-, second-, third-, fourth-, or fifth-degree assault], while confined in the facility, the sentence imposed for the assault shall be executed and run consecutively to any unexpired portion of the offender's earlier sentence. The inmate is not entitled to credit against the sentence imposed for the assault for time served in confinement for the earlier sentence. The inmate shall serve the sentence for the assault in a state correctional facility even if the assault conviction was for a misdemeanor or gross misdemeanor.

Appellant argues that the plain meaning of "state correctional facility" is a facility under the operational authority of the Minnesota Commissioner of Corrections. In support, appellant refers to the definition of "correctional facility" in Minn.Stat. § 244.01, subd. 4 (2006): "any state facility under the operational authority of the commissioner of corrections." Therefore, appellant argues, "state correctional facility" does not include a private correctional facility.

The state disagrees, arguing that the plain meaning of "state correctional facility" is any correctional facility located in Minnesota and licensed by the commissioner of corrections, citing Minn.Stat. § 241.021, subd. 1(a) (2006), which requires that the commissioner of corrections inspect and license "all correctional facilities throughout the state, whether public or private."

■■■■ Neither the word "inmate" nor the phrase "state correctional facility" is defined in chapter 609. But when Minn.Stat. § 609.2232 is read as a whole, its plain meaning is clarified. *See* Minn.Stat. § 645.16 (stating that a statute should be construed "to give effect to all of its provisions"). The third sentence, "[t]he inmate shall serve the sentence for the assault in a state correctional facility even if the assault conviction was for a misdemeanor or gross misdemeanor," indicates that "state correctional facility" refers to a facility where an offender would not otherwise

serve a misdemeanor or gross-misdemeanor sentence. Minn.Stat. § 609.2232.

Sentences of one year or less are generally served in county jails or workhouses. *See* Minn.Stat. § 609.105, subd. 3 (2006) ("A sentence to imprisonment for a period of one year or any lesser period shall be to a workhouse, ... county jail, or other place authorized by law."); *see also Black's Law Dictionary*, 1314 (9th ed.2009) (defining "prison" as "[a] state or federal facility of confinement for convicted criminals, esp[ecially] felons"); *id.* at 910 (defining "jail" as "[a] local government's detention center where ... those convicted of misdemeanors are confined"). Because county jails and workhouses are located within the State of Minnesota and licensed by the commissioner of corrections, the phrase "state correctional facility" must not refer to all facilities located within the state and licensed by the commissioner, as the state contends.

■ But even if "inmate of a state correctional facility" does not include a person confined in a county jail, we conclude that it remains ambiguous as applied to appellant, a person serving a sentence at PCF.

■ When statutory language is ambiguous, we may apply canons of statutory construction to discern the legislature's intent. *State v. Leathers*, 799 N.W.2d 606, 611 (Minn.2011). The intention of the legislature may be ascertained by considering the circumstances under which it was enacted, the object to be attained, other laws upon the same or similar subjects, the consequences of a particular interpretation, and contemporaneous legislative history. Minn.Stat. § 645.16. "[W]e assume that the [l]egislature enacts statutes with full knowledge of prior legislation on the same subject." *Leathers*, 799 N.W.2d at 609 (quotation omitted).

Minn.Stat. § 609.2232 is an exception to the presumption under Minnesota law that multiple sentences run concurrently. *See* Minn.Stat. § 609.15, subd. 1 (2006). The district court concluded that the legislative intent behind Minn.Stat. § 609.2232 was to impose additional penalties and thereby encourage inmates to obey the law while incarcerated. We agree. But this general intent does not differentiate among facilities, and as discussed above, the plain language of the statute makes it inapplicable to persons confined in county jails. Therefore, further consideration of legislative intent is necessary.

■ Appellant argues that the definitions in Minnesota Statutes chapter 244 are indicative of the legislature's intent as to the application of section 609.2232. We agree.

Minn.Stat. § 244.01 defines terms "[f]or purposes of sections 244.01 to 244.11." Minn.Stat. § 244.01, subd. 1 (2006). Subdivision two defines "[i]nmate" as "any person who is convicted of a felony, is committed to the custody of the commissioner of corrections and is confined in a state correctional facility or released from a state correctional facility pursuant to" statutory provisions providing for work release or furlough. *Id.*, subd. 2 (2006). Subdivision four defines "[c]orrectional facility" as "any state facility under the operational authority of the commissioner of corrections." *Id.*, subd. 4.

In *Leathers*, the supreme court analyzed Minn.Stat. § 609.221, subd. 2(b) (2010), which makes an offender ineligible for probation or supervised release until the offender serves the "full term of imprisonment." 799 N.W.2d at 608–11. The court reasoned that because Minn.Stat. § 244.01, subd. 8 (2010), which defines "[t]erm of imprisonment," was enacted before the relevant provision in chapter 609, and because chapters 244 and 609 are "interrelat-

ed," section 244.01, subdivision 8, provides a reasonable definition for purposes of section 609.221. *Id.* at 609–10. The supreme court concluded that the two statutory provisions have common purposes and subject matter, and therefore "must be construed together because they are in pari materia." *Id.* at 611.

Likewise, the relevant language in Minn. Stat. § 244.01, subds. 2, 4, was adopted before the enactment of Minn.Stat. § 609.2232, and we infer that the legislature was aware of the section 244.01 definitions when drafting section 609.2232. *See* Minn.Stat. § 244.01, subds. 2, 4 (1996) (defining "[i]nmate" and "[c]orrectional facility"); 1997 Minn. Laws ch. 239, art. 9, § 37, at 2885 (enacting Minn.Stat. § 609.2232). Chapter 244 "sets out the procedures for the imposition and administration of criminal sentences," *Leathers,* 799 N.W.2d at 611, and section 609.2232 addresses sentencing for certain offenses under specific circumstances. Therefore, as in *Leathers,* Minn.Stat. § 609.2232 and Minn.Stat. § 244.01 have common purposes and subject matter, and the doctrine of in pari materia supports construing "inmate of a state correctional facility" in section 609.2232 consistent with the section 244.01 definitions. Because appellant had not been committed to the custody of the commissioner of corrections at the time he committed third-degree assault, he was not an "inmate" under section 244.01, subdivision 2. And because PCF was not "under the operational authority of the commissioner of corrections," appellant was not incarcerated in a "correctional facility" under section 244.01, subdivision 4.

This conclusion is confirmed by the legislature's use of the phrase "state correctional facility" throughout the Minnesota statutes. As the following examples show, when the legislature uses the phrase "state correctional facility," it generally refers to a facility funded by the state and subject to day-to-day oversight by the commissioner of corrections. *See, e.g.,* Minn.Stat. § 241.023, subd. 2 (2006) ("Any state correctional facility now or hereafter established shall be designated as a Minnesota correctional facility according to the geographical area in which located."); Minn. Stat. § 241.07 (2006) (stating that the "commissioner of corrections may transfer an inmate of any state correctional facility to a state institution under the control of the commissioner of human services or to a private medical facility" for medical care); Minn.Stat. § 241.75, subd. 2 (2006) (providing that the medical director of the department of corrections "may make a health care decision for an inmate incarcerated in a state correctional facility"); Minn.Stat. § 242.43 (2006) ("The commissioner of corrections shall receive, clothe, maintain, and instruct all children duly committed to the [c]orrections [d]epartment and placed in a state correctional facility. . . ."); Minn.Stat. § 243.556, subd. 1 (2006) ("No adult inmate in a state correctional facility may use or have access to any [i]nternet service" except for purposes approved by the commissioner); Minn. Stat. § 243.557 (2006) ("Where inmates in a state correctional facility are not routinely absent from the facility . . . the commissioner must make three meals available Monday through Friday . . . and at least two meals available on Saturdays, Sundays, and holidays."). Private correctional facilities, by contrast, are not funded by the state, and are subject only to licensing requirements and other "minimum standards" promulgated by the commissioner. Minn.Stat. § 241.021, subd. 1(a).

Appellant also argues that the legislature demonstrated that it did not intend Minn.Stat. § 609.2232 to apply to private correctional facilities by its failure to explicitly reference private facilities. We agree.

In Minn.Stat. § 609.221, subd. 2(c)(1) (2006), defining first-degree assault—use of deadly force against a peace officer or correctional employee, the legislature defined "correctional employee" as "an employee of a public or private prison, jail, or workhouse." And in Minn.Stat. § 243.52 (2006), the legislature provided that a person may use force in defense of an assault by "any inmate of any adult correctional facility either under the control of the commissioner of corrections or licensed by the commissioner of corrections under section 241.021."

Moreover, in the 1997 bill enacting Minn.Stat. § 609.2232, the legislature amended the definition of "[a]dministrative agency" and "agency" in Minn.Stat. § 241.42, subd. 2 (1996),[1] by adding the following language: "any regional or local correctional facility licensed or inspected by the commissioner of corrections, whether public or private, established and operated for the detention and confinement of adults or juveniles, including, but not limited to . . . lockups, work houses, work farms, and detention and treatment facilities." 1997 Minn. Laws ch. 239, art. 9, § 11, at 2875.

We conclude that, contemporaneous with the enactment of section 609.2232, the legislature used explicit language when it intended that a statute apply to a private correctional facility. Because it declined to do so here, we infer that the legislature did not intend that section 609.2232 apply to persons in private correctional facilities.

■ The district court reasoned that if Minn.Stat. § 609.2232 was not applicable to offenders in all facilities, "an inmate would be able to commit assaults while incarcerated without any additional penalty." The district court also determined that it would be absurd if the location where an offender was confined dictated whether the offender received a consecutive sentence.

We are not persuaded that interpreting section 609.2232 as inapplicable to persons confined in private facilities leads to absurd results. Even if consecutive sentencing is not mandatory, the sentencing court is not prohibited from imposing a consecutive sentence for an assault committed while incarcerated. Under the Minnesota Sentencing Guidelines, consecutive sentences are presumptive "when the conviction is for a crime committed by an offender serving an executed prison sentence" if "the presumptive disposition for the current offense(s) is commitment to the [c]ommissioner of [c]orrections." Minn. Sent. Guidelines II.F (2008). And consecutive sentencing is permissive when the current felony conviction is listed in section VI of the guidelines and the offender was previously sentenced for an offense listed in section VI that has not expired or been discharged. Minn. Sent. Guidelines II.F.1 (2008). Third-degree assault is listed in section VI. Moreover, if an offender commits a misdemeanor or gross-misdemeanor assault, the sentencing guidelines are inapplicable and the sentencing court may, in its discretion, impose a consecutive sentence. *See* Minn.Stat. § 609.15, subd. 1(b) ("When a court imposes sentence for a misdemeanor or gross misdemeanor offense and specifies that the sentence shall run consecutively to any other sentence, the court may order the defendant to serve time in custody for the consecutive sentence in addition to any time in custody the defendant may be serving for any other offense. . . ."); *State v. Campbell,* 814

---

**1.** Minn.Stat. § 241.42, subd. 2, was repealed by 2003 Minn. Laws 1st Spec. Sess. ch. 2, art. 5, § 18 at 1427.

N.W.2d 1, 6 (Minn.2012) (stating that the sentencing guidelines do not apply to gross misdemeanors).

■ Finally, "when the language of a criminal law is ambiguous, we construe it narrowly according to the rule of lenity." *State v. Maurstad,* 733 N.W.2d 141, 148 (Minn.2007). Based on our inferences of legislative intent, and in light of the rule of lenity and Minnesota's presumption in favor of concurrent sentencing, we conclude that Minn.Stat. § 609.2232 is inapplicable to a person who commits an assault while confined in a private correctional facility. Therefore, on remand, the district court must apply the appropriate sentencing considerations and determine whether appellant's assault sentence should run concurrently or consecutively to his Washington state sentence.

### DECISION

Because Minn.Stat. § 609.2232 does not apply to an offender who commits an assault while confined in a private correctional facility, the district court erred in concluding that consecutive sentencing is mandatory for appellant's third-degree assault conviction. We therefore reverse the district court's denial of appellant's petition for postconviction relief and remand for resentencing.

**Reversed and remanded.**