STATE OF MINNESOTA

IN SUPREME COURT

A15-0584

Court of Appeals                                                                    Chutich, J.

Eugene Lee Rushton,

       Appellant,

vs.                                                                    Filed:  January 25, 2017
                                                                       Office of Appellate Courts

State of Minnesota,

       Respondent.

_____

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant Public Defender, Saint Paul, Minnesota, for appellant.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Pamela Harris, Assistant County Attorney, Moorhead, Minnesota, for respondent.

_____

S Y L L A B U S

The phrase "minimum term of imprisonment," as used in Minnesota Statutes § 609.3455, subd. 5 (2016), means any sentence within the presumptive range of the sentencing guidelines unless there are identifiable, substantial, and compelling circumstances that support a departure, or an applicable mandatory minimum sentence, whichever is greater.

Affirmed.

# O P I N I O N

CHUTICH, Justice.

This case presents the question of whether the phrase "minimum term of imprisonment," as used in Minnesota Statutes § 609.3455, subd. 5 (2016), means two-thirds of a presumptive guidelines sentence. Appellant Eugene Lee Rushton pleaded guilty to one count of first-degree criminal sexual conduct, and, after a previous appeal, ultimately received a sentence of life with the possibility of release, along with a specified 216-month minimum term of imprisonment. Following an unsuccessful motion to correct his sentence, Rushton now contends on appeal that "minimum term of imprisonment," as used in this statute, refers to two-thirds of a presumptive guidelines sentence. He therefore claims that his minimum term of imprisonment should be reduced from 216 months to 144 months. Because we conclude that the phrase "minimum term of imprisonment" in subdivision 5 does not mean two-thirds of a presumptive guidelines sentence, we affirm.

## I.

In 2011, a grand jury indicted Rushton for two counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct. As a part of a plea agreement, Rushton pleaded guilty to one count of first-degree criminal sexual conduct, and the other counts were dismissed. *See* Minn. Stat. § 609.342, subd. 1(b) (2016) ("A person who engages in sexual penetration with another person, or in sexual contact with a person under 13 years of age . . . is guilty of criminal sexual conduct in the first degree if . . . (b) the complainant is at least 13 years of age but less than 16 years of age and the

1

actor is more than 48 months older than the complainant and in a position of authority over the complainant.").

Rushton is a repeat sexual offender who has been previously convicted of similar conduct. In 1992, Rushton was convicted of second-degree criminal sexual conduct in Clay County in a case involving a female victim under the age of 16. In 1999, Rushton was convicted of fourth-degree criminal sexual conduct in Norman County. Because of these two convictions, Rushton was subject to a mandatory life sentence with the possibility of release for his current offense. Minn. Stat. § 609.3455, subd. 4(a)(1) (2016).

Under the relevant sentencing provision, a district court is required to "specify a minimum term of imprisonment" that "must be served before the offender may be considered for supervised release." Minn. Stat. § 609.3455, subd. 5. The phrase "minimum term of imprisonment" refers to the amount of time that "the offender must serve before being considered for release." Minn. Sent. Guidelines cmt. 2.C.08. As part of the plea agreement, the parties agreed that Rushton would serve 25 years (300 months) of his mandatory life sentence before being eligible for supervised release. Rushton understood that a possibility of supervised release existed only after 25 years, and if he received supervised release, the State could pursue civil commitment. The district court accordingly sentenced Rushton to life with the possibility of release after Rushton had served 300 months.

Rushton appealed his sentence. The court of appeals affirmed Rushton's sentence of life with the possibility of release. *State v. Rushton*, 820 N.W.2d 287, 291 (Minn. App. 2012). It reversed the 300-month minimum term of imprisonment, however, and remanded

to the district court to specify a minimum term of imprisonment that fell within the presumptive range applicable to Rushton—153 to 216 months. *Id.* at 290-91. On remand, the district court specified a minimum term of imprisonment of 216 months.

Rushton did not appeal, but he later moved to correct his sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9. He contended that the phrase "minimum term of imprisonment," as used in subdivision 5, refers to two-thirds of a presumptive guidelines sentence. *See* Minn. Stat. § 244.101, subd. 1(1) (2016); Minn. Sent. Guidelines 1.B.7. The postconviction court denied Rushton's motion, Rushton appealed, and the court of appeals affirmed Rushton's 216-month minimum term of imprisonment. *Rushton v. State*, No. A15-0584, 2016 WL 596305, at *2-3 (Minn. App. Feb. 16, 2016). We granted Rushton's petition for review.

II.

This appeal requires that we interpret the meaning of the phrase "minimum term of imprisonment" as used in Minnesota Statutes § 609.3455, subd. 5. We review questions of statutory interpretation de novo. *State v. Loge*, 608 N.W.2d 152, 155 (Minn. 2000). "Our first step in interpreting a statute is to examine the statutory language to determine whether the words of the law are clear and free from all ambiguity." *Staab v. Diocese of St. Cloud*, 813 N.W.2d 68, 72 (Minn. 2012). We must give the statute's words and phrases their plain and ordinary meaning. *State v. Koenig*, 666 N.W.2d 366, 372 (Minn. 2003). The plain language of the statute controls when the meaning of the statute is unambiguous. Minn. Stat. § 645.16 (2016). "We interpret a statute 'as a whole so as to harmonize and give effect to all its parts, and where possible, no word, phrase, or sentence will be held

3

superfluous, void, or insignificant.' " *328 Barry Ave., LLC v. Nolan Props. Grp., LLC*, 871

N.W.2d 745, 749 (Minn. 2015) (quoting *Jackson v. Mortg. Elec. Registration Sys., Inc.*,

770 N.W.2d 487, 496 (Minn. 2009)).

In addition, we "follow the Minnesota Sentencing Guidelines unless [an] applicable

provision is contrary to statute. If it is impossible to harmonize the sentencing guidelines

with an applicable statute, the statutory provision will control. Comments to the sentencing

guidelines, however, are advisory and are not binding on the courts." *State v. Jones*, 848

N.W.2d 528, 537 (Minn. 2014).

## A.

The State argues that the plain language of section 609.3455, subdivision 5, directs

a district court to specify a presumptive guidelines sentence as the "minimum term of

imprisonment." By contrast, Rushton contends that "minimum term of imprisonment" is

a "legal term of art" with an accepted definition found in the Minnesota Sentencing

Guidelines, specifically Minnesota Sentencing Guidelines 1.B.7.[1] Minnesota Sentencing

---

[1] Minnesota Sentencing Guidelines 1.B.7 provides:

An "executed sentence" is the total period of time for which an inmate is committed to the custody of the Commissioner of Corrections (sent to prison). Under Minn. Stat. § 244.101, the sentence consists of two parts: a *minimum term of imprisonment* and a maximum period of supervised release.

(a). *Term of Imprisonment*. For offenders committed to the Commissioner of Corrections for crimes committed on or after August 1, 1993, the "term of imprisonment" (incarceration) is equal to two-thirds of the executed sentence.

Minn. Sent. Guidelines 1.B.7 (emphasis added).

4

Guidelines 1.B.7, in turn, references Minnesota Statutes § 244.101, subd. 1(1), which defines "minimum term of imprisonment" as "equal to two-thirds of the executed sentence." For the following reasons, we agree with the State's interpretation of the language of subdivision 5.

The plain language of subdivision 5 is unambiguous. It directs the district court, "[a]t the time of sentencing under subdivision 3 or 4, . . . [to] specify a *minimum term of imprisonment, based on the sentencing guidelines or any applicable mandatory minimum sentence*, that must be served before the offender may be considered for supervised release." Minn. Stat. § 609.3455, subd. 5 (emphasis added). In determining what the phrase "based on the sentencing guidelines" means, Rushton asserts that a general provision of the guidelines, Minnesota Sentencing Guidelines 1.B.7, governs. We conclude instead that a more specific provision relating directly to mandatory life sentences for repeat sexual offenders applies here, specifically Minnesota Sentencing Guidelines 2.C.3.a(1).

Minnesota Sentencing Guidelines 2.C.3.a(1) describes the sentencing process district courts are to use when certain repeat sexual offenders are subject to life with the possibility of release. It provides:

> For offenders subject to life with the possibility of release under subdivisions 3 and 4 of [Minnesota Statutes section 609.3455 (2016)], the court must specify a minimum term of imprisonment, *based on* the Sentencing Guidelines *presumptive sentence as determined in section 2.C*, or any applicable mandatory minimum sentence not contained in Minn. Stat. § 609.3455, that must be served before the offender may be considered for release.

Minn. Sent. Guidelines 2.C.3.a(1) (emphasis added).

5

Applying this directive, under Minnesota Sentencing Guidelines 2.C.1, a district court must first locate the presumptive range in the sentencing guidelines grid and then, under Minnesota Sentencing Guidelines 2.C.3.a(1), must specify a minimum term of imprisonment based on that presumptive range.[2] Minn. Sent. Guidelines 2.C.1 (providing that a district court must locate the defendant's criminal history score on the horizontal axis of the grid and the severity level of the offense on the vertical axis and for cells shown above the solid line, the guidelines provide a fixed presumptive duration and a range of time for that sentence).

Rushton, however, contends: "If the legislature intended the minimum term of imprisonment of a life sentence to be the full length of the guidelines sentence it . . . would have used the phrase 'equal to the guidelines sentence.' " We disagree. Any sentence that falls within the presumptive range listed in the appropriate cell of the sex-offender grid is considered a presumptive sentence. *See* Minn. Sent. Guidelines 4.B. The presumptive range within each cell "denote[s] the discretionary range within which a court may sentence without the sentence being deemed a departure." *Id.* Accordingly, the phrase "based on," as used in subdivision 5, simply means that the district court has the discretion to specify any minimum term of imprisonment that falls within the presumptive range as the minimum term of imprisonment or to depart if there are "identifiable, substantial, and

---

[2] " 'Presumptive sentences' are those sentences provided on the Sentencing Guidelines Grids." Minn. Sent. Guidelines 1.B.13. Each box on the Sentencing Guidelines grid contains a "presumptive duration," *see* Minn. Sent. Guidelines 1.B.13(b), often referred to as "the middle of the box," and a "presumptive range," *see* Minn. Sent. Guidelines 1.B.13(c), often referred to as "the top and bottom of the box."

compelling circumstances to support a departure." Minn. Sent. Guidelines 2.D.1; *see also* Minn. Sent. Guidelines cmt. 2.C.08 ("All applicable [sentencing guidelines] provisions, including the procedures for departing from the presumptive sentence, are applicable to determining the minimum term of imprisonment.").

Thus, in the specific context of a repeat sexual offender like Rushton who is subject to a mandatory life sentence with the possibility of release under subdivision 5, the phrase "minimum term of imprisonment" does not mean two-thirds of a presumptive guidelines sentence. Rather, the district court was required to locate Rushton's criminal history score on the horizontal axis of the grid (three) and the severity level of the offense on the vertical axis of the grid (A) and find the presumptive sentence duration range (153 to 216 months) for Rushton's offense. *See* Minn. Sent. Guidelines 4.B.[3] The district court was then required to determine whether there was an applicable mandatory minimum sentence because subdivision 5 directs a district court to "specify a minimum term of imprisonment, based on the sentencing guidelines *or* any applicable mandatory minimum sentence . . . ." Minn. Stat. § 609.3455, subd. 5 (emphasis added).

Here, the applicable mandatory minimum sentence for first-degree criminal sexual conduct is found in Minnesota Statutes § 609.342, subd. 2(b) (2016). This section provides that an executed sentence of 144 months must be imposed on a convicted offender unless "the Sentencing Guidelines provide for a longer presumptive executed sentence . . . ." *Id.*

---

[3]     The guidelines provide a separate grid for sexual offenses. Minn. Sent. Guidelines 4.B. Unlike the standard grid, the vertical axis of the sexual offender grid uses the letters A through H to signify the severity level of the offense of conviction, with A being the most serious.

Because the presumptive sentence is greater than the applicable mandatory minimum sentence, the district court was required to specify a minimum term of imprisonment that fell within the presumptive range of the sentencing guidelines absent identifiable, substantial, and compelling circumstances to support a departure.

Applying the plain language of subdivision 5 and Minnesota Sentencing Guidelines 2.C.3.a(1) to Rushton's case, we conclude that, given Rushton's criminal history score and the severity level of his offense, the district court did not err when it specified a 216-month minimum term of imprisonment.[4]

B.

Contrary to Rushton's assertion, nothing in *State v. Hodges*, 784 N.W.2d 827 (Minn. 2009), requires a different result. The issue in *Hodges* was whether the phrase "any applicable mandatory minimum sentence" in Minnesota Statutes § 609.3455, subd. 5 (2008), included the mandatory life sentence of subdivision 4 of that statute. *Hodges*, 784 N.W.2d at 830-31. We concluded that it did not because such an interpretation would lead to an absurd result: courts would be required to sentence "all defendants convicted under Minn. Stat. § 609.3455, subds. 3 and 4 to life in prison with a minimum term of imprisonment of life—in other words, life in prison with no possibility of supervised release." *Hodges*, 784 N.W.2d at 831. As part of our analysis, we observed that "[t]he confusion in applying subdivision 5 ha[d] resulted in part from the fact that the parts of the

---

[4] We note that when a sexual offender has served a specified "minimum term of imprisonment," under subdivision 5, the offender is not automatically granted supervised release. Rather, the offender is then *considered* for supervised release. *See* Minn. Stat. §§ 244.05, subd. 5 (2016), 609.3455, subds. 4-5.

sentencing guidelines relevant to this case already take account of any applicable mandatory minimum sentences." *Id.* at 831.

We held that after a district court imposes a mandatory life sentence under section 609.3455, subdivisions 3 or 4,

> the district court must [then] specify a minimum term of imprisonment using the procedures that would have been used to sentence the defendant in the absence of the mandatory life sentence found in [section] 609.3455, subd[ivisions] 3 and 4—that is, by reference to any applicable mandatory minimum sentence or the sentencing guidelines.

*Id.* at 833.

Our holding in *Hodges* directed district courts to the guidelines to determine the minimum term of imprisonment for a mandatory life sentence under section 609.3455, subdivisions 3 and 4. Following our decision in *Hodges*, the Minnesota Sentencing Guidelines Commission promulgated the provision that is determinative here: Minnesota Sentencing Guidelines 2.C.3.a(1). It describes the process—using the grid of presumptive sentences—for determining a minimum term of imprisonment when certain repeat sexual offenders are subject to life in prison with the possibility of release under subdivisions 3 and 4 of section 609.3455. Minn. Sent. Guidelines Comm'n, *MSGC Report to the Legislature* 53 (2010). Because *Hodges* involved a different legal issue and the Sentencing Guidelines Commission revised the guidelines after *Hodges* was decided, Rushton's reliance on *Hodges* is misplaced.

## C.

Finally, Rushton argues that his interpretation is consistent with our holding in *State v. Leathers*, 799 N.W.2d 606 (Minn. 2011), in which we interpreted the phrase "full term

9

of imprisonment" in Minnesota Statutes § 609.221, subd. 2(b) (2016),[5] involving an assault of a police officer. Rushton contends that if the phrase "full term of imprisonment" means two-thirds of a defendant's executed sentence, then a "minimum term of imprisonment" cannot be more. We disagree.

In *Leathers*, we concluded that subdivision 2(b) of section 609.221 was ambiguous. 799 N.W.2d at 611. We noted that one reasonable interpretation was that "full term of imprisonment" meant "the complete or entire duration of a fixed and definite extent of time a person *is confined in prison.*" *Id.* at 609. We also observed that Minnesota Statutes chapter 244, governing the sentencing of offenders convicted of crimes defined in Minnesota Statutes chapter 609, provided another reasonable interpretation: "full term of imprisonment" was equal to two-thirds of the executed sentence. *Leathers*, 799 N.W.2d at 609-10. After concluding that the statutory language was ambiguous, we applied the doctrine of *in pari materia* and the rule of lenity, and we concluded that "the definition of the phrase 'full term of imprisonment' in Minn. Stat. § 609.221, subd. 2(b), means two-thirds of a defendant's executed prison sentence." *Leathers*, 799 N.W.2d at 611.

---

[5]    Minnesota Statutes § 609.221, subd. 2(a) establishes the penalty for assault on a police officer, and under subdivision 2(b), the offense carries a minimum sentence.

> A person convicted of assaulting a peace officer . . . shall be committed to the commissioner of corrections for not less than ten years, nor more than 20 years. A defendant convicted and sentenced as required by this paragraph is not eligible for probation, parole, discharge, work release, or supervised release, until that person has served the *full term of imprisonment* as provided by law.

*Id.*, subd. 2(b) (emphasis added).

10

The sentencing provision in *Leathers* is distinguishable from the mandatory life sentencing provision for repeat sexual offenders at issue here. Specifically, the defendant in *Leathers* was not subject to life in prison with the possibility of release under section 609.3455, and therefore the specific definition of "minimum term of imprisonment" set forth in Minnesota Sentencing Guidelines 2.C.3.a(1) did not apply. Instead, the general definition of "minimum term of imprisonment" set forth in Minnesota Statutes § 244.101, subd. 1(1), applied.

Nothing in our opinion today should be read as altering the general definition of "minimum term of imprisonment" contained in section 244.101 or Minnesota Sentencing Guidelines 1.B.7 for cases not involving a mandatory life sentence under Minnesota Statutes § 609.3455, subd. 5. As we stated in *Hodges*, "[i]n *most* cases, the minimum term of imprisonment 'is the period of time equal to two-thirds of the inmate's executed sentence.' " 784 N.W.2d at 829 n.2 (emphasis added) (quoting Minn. Stat. § 244.01, subd. 8). But, in cases involving a mandatory life sentence for certain repeat sexual offenders, Minnesota Statutes § 609.3455, subd. 5, and Minnesota Sentencing Guidelines 2.C.3(a)(1) provide a different method for calculating a minimum term of imprisonment.

In sum, we hold that the phrase "minimum term of imprisonment," in Minn. Stat. § 609.3455, subd. 5, means any sentence falling within the presumptive range of the sentencing guidelines unless there are identifiable, substantial, and compelling circumstances that support a departure, or an applicable mandatory minimum sentence, whichever is greater. We therefore affirm the decision of the court of appeals.

Affirmed.