STATE of Minnesota, EX REL. Matthew Mitchell HUSEBY, petitioner, Appellant,

v.

Tom ROY, Commissioner of Corrections, Respondent.

A17-1073

Court of Appeals of Minnesota.

Filed October 9, 2017

Review Denied Dec. 27, 2017

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant).

Lori Swanson, Attorney General, Bradley D. Simon, Assistant Attorney General, St. Paul, Minnesota (for respondent).

Considered and decided by Cleary, Chief Judge; Bjorkman, Judge; and Hooten, Judge.

## OPINION

CLEARY, Chief Judge

Appellant Matthew Mitchell Huseby seeks review of the district court's June 28, 2017 order denying his petition for a writ of habeas corpus. The court rejected appellant's claim that his five-year conditional release term should be modified because he was "released from prison" when he was transferred to a work release program outside the correctional facility. Because the district court did not err in interpreting the plain and unambiguous language of the relevant statutes, we affirm.

## FACTS

Appellant was charged with first-degree driving while impaired (DWI) and driving after cancellation for an offense committed in November 2009. Appellant, who had four prior DWI convictions, pleaded guilty to first-degree DWI.

On June 21, 2010, he was sentenced to 48 months in prison. The district court also imposed a five-year conditional release term, pursuant to Minn. Stat. § 169A.276, subd. 1(d).[1] Appellant was committed to the custody of the commissioner of corrections and was first confined at the Minnesota Correctional Facility at St. Cloud.

On March 13, 2012, the department of corrections (DOC) transferred him to the Bethel Work Release Center in Duluth. Bethel is a DOC funded residential program authorized by Minn. Stat. § 241.26. He remained on work release status from

---

1. Because the relevant statutes discussed here have not substantially changed since this offense occurred, the 2016 Minnesota Statutes will be cited throughout this opinion.

March 13, 2012, until October 15, 2012, when the DOC transitioned him to supervised release and allowed him to move to his mother's residence. The DOC determined that appellant's five-year conditional release term began on October 15, 2012, when he was placed on supervised release. It will expire on October 15, 2017.

On March 20, 2017, appellant filed a petition for a writ of habeas corpus requesting that the district court issue an order directing the DOC to correct his conditional release start date to March 13, 2012, the date he was transferred to the Bethel work release program, and to immediately discharge him from his conditional release term. In denying appellant's petition, the district court concluded that if appellant had been "released from prison" upon his transfer to Bethel, he would not have served his minimum term of imprisonment equal to two-thirds of his executed sentence. See Minn. Stat. §§ 244.05, .101 (2016). Based upon its determination that the legislature did not intend participation in a work release program to constitute "release from prison" so as to start the five-year conditional release term, the district court concluded that the commissioner had correctly calculated the start and end dates of appellant's conditional release term.

Appellant now appeals the denial of his petition.

## ISSUE

Did the district court err in determining that an inmate has not been "released from prison" so as to begin the five-year conditional release term required by Minn. Stat. § 169A.276, subd. 1(d), when he is participating in a work release program authorized by Minn. Stat. § 241.26?

## ANALYSIS

■ "A person imprisoned or otherwise restrained of liberty ... may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint." Minn. Stat. § 589.01 (2016). Judicial review of the DOC's administrative decision implementing a sentence imposed by a district court, including the DOC's calculation of a conditional release term, may be obtained by a petition for a writ of habeas corpus, with the commissioner named as a party. State v. Schnagl, 859 N.W.2d 297, 303 (Minn. 2015).

■ The issue in this case is whether an inmate, who is participating in a work release program, has been "released from prison" so as to commence the five-year conditional release term imposed by section 169A.276, subdivision 1(d). There are no issues of material fact that need to be resolved, so the case presents a legal question involving the interpretation of statutory language. The parties agree that the phrase "released from prison" is unambiguous, but they disagree on how the phrase applies in this case.

■ Questions of law and statutory interpretation are subject to de novo review in a habeas appeal. Aziz v. Fabian, 791 N.W.2d 567, 569 (Minn.App. 2010); State ex rel. McMaster v. Benson, 495 N.W.2d 613, 614 (Minn.App. 1993). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2016). When the legislature's intent is clear from plain and unambiguous statutory language, this court will not engage in further construction and will follow that plain language. See State v. Leathers, 799 N.W.2d 606, 608 (Minn. 2011).

■ "A statute must be construed as a whole and the words and sentences therein are to be understood ... in light of their context." State v. Boecker, 893 N.W.2d 348,

351 (Minn. 2017) (quotations omitted); *see also Rushton v. State*, 889 N.W.2d 561, 565 (Minn. 2017) (holding that phrase "minimum term of imprisonment," in statute requiring district court to specify a minimum term of imprisonment that must be served before offender may be considered for supervised release, means any sentence falling within presumptive range of sentencing guidelines). Reading a statute in isolation may lead to absurd or unreasonable results. *See* Minn. Stat. §§ 645.08, .16, .17 (2016) (providing that statutes should be interpreted according to plain meaning unless doing so would be "repugnant to the context of the statute," that every "law shall be construed, if possible, to give effect to all its provisions," and that courts should presume that the "legislature intends the entire statute to be effective" and "does not intend a result that is absurd, impossible of execution, or unreasonable").

Appellant argues that "[b]ecause the language of [section 169A.276] is unambiguous, [this court] need not look beyond it." He focuses solely on the language of subsections (c) and (d) of subdivision 1. Specifically, subsection (c) states: "An offender committed to the custody of the commissioner of corrections under this subdivision is not eligible for release as provided in section 241.26 [work release], 244.065 [work release], 244.12 [intensive community supervision], or 244.17 [challenge incarceration program], unless the offender has successfully completed a chemical dependency treatment program while in prison." Minn. Stat. § 169A.276, subd. 1(c). And subsection (d) states in pertinent part: "[W]hen the court commits a person to the custody of the commissioner of corrections under this subdivision, it shall provide that after the person has been released from prison the commissioner shall place the person on conditional release for five years." *Id.*, subd. 1(d). Appellant argues

that given this language, it "must follow that work release is also a 'release from prison' triggering the commencement of conditional release." Appellant also argues that because at least one common definition of "prison" contemplates a " 'building or complex where people are kept in long-term confinement as punishment for a crime … specifically, a state or federal facility of confinement,' " his conditional release term "should have begun when he walked out of prison and started his work release." *See* Black's Law Dictionary 1387 (10th ed. 2014).

While appellant urges an interpretation that reads section 169A.276 in isolation, the DOC asserts that this court must examine the interplay between the DWI conditional release statute and the work release statutes, as well as other relevant statutes relating to Minnesota's sentencing scheme. Under the DOC's interpretation, work release is an extension of confinement, not a release from confinement or prison.

Minnesota's sentencing scheme requires all felony offenders to serve a "minimum term of imprisonment that is equal to two-thirds of the executed sentence" and a "maximum supervised release term that is equal to one-third of the executed sentence." Minn. Stat. § 244.101, subd. 1. An inmate's supervised release term does not begin until he has completed that "term of imprisonment and any disciplinary confinement period imposed by the commissioner." Minn. Stat. § 244.05, subd. 1b(a). A felony DWI offender must serve an additional five-year term of conditional release, which begins "after the person has been released from prison." Minn. Stat. § 169A.276, subd. 1(d). Because inmates must serve a minimum term of imprisonment equal to two-thirds of their sentence before they are eligible for supervised release, the "practical effect of [section

169A.276, subdivision 1(d) ] is that an inmate convicted of DWI serves a conditional-release term *concurrently* with a supervised-release term." *State ex rel. Duncan v. Roy*, 887 N.W.2d 271, 277 (Minn. 2016) (emphasis added); *see also Maiers v. Roy*, 847 N.W.2d 524, 530 (Minn.App. 2014) (stating that a DWI offender's terms of supervised and conditional release are "necessarily concurrent"), *review denied* (Minn. Aug. 19, 2014).

The work release statutes referenced in section 169A.276, subdivision 1(c), do not alter this basic sentencing scheme. Under Minn. Stat. § 244.065 (2016), the DOC is authorized to allow an inmate to participate in a "work release program" after serving at least one-half of the term of imprisonment. Thus, an inmate may be eligible to participate in work release while still serving some portion of the term of imprisonment.

The work release statutes further provide that work release is "an extension of the limits of confinement" and that an inmate participating in the program "shall be confined in [a] correctional facility ... or some other suitable place of confinement designated by the commissioner of corrections," which may include a "community correction center," with "public and private agencies" that have contracted "for the custody and separate care of such participant," or "an approved residence" in the community. Minn. Stat. § 241.26, subds. 1, 2. Work release locations are treated as "place[s] of confinement." *Id.*, subd. 1. Contrary to appellant's argument, the physical location of the work release program is not determinative; an inmate may serve work release within the correctional facility or "some other suitable place of confinement designated by the commissioner." *Id.*

Further, the work release statutes refer to the program participants as "inmates."

*Id.*, subds. 3-7. The statutory definition of an "inmate" is any person who is either "confined in a state correctional facility or released from a state correctional facility pursuant to section 244.065." Minn. Stat. § 244.01, subd. 2 (2016). The work release statutes treat a failure to "report or return from planned employment" as an "escape" from confinement, for which the "inmate's work placement ... may be withdrawn." Minn. Stat. § 241.26, subd. 4. Consequently, an inmate on work release who fails to report or return from planned employment may be charged with escape from confinement.

As the DOC notes, acceptance of appellant's interpretation would conflict with these statutory provisions governing work release and render them "superfluous, void, or insignificant." *See Rushton*, 889 N.W.2d at 564 (quotation omitted). If participation in a work release program qualified as a release from prison, then the statutes, providing that work release is an "extension of the limits of confinement" and that participants are "inmates" who can be charged with "escape from confinement," would have no meaning or effect. Moreover, under appellant's interpretation, an inmate would not serve the required minimum term of imprisonment when work release occurs at a place outside the correctional facility before the inmate has fully completed the two-thirds term of imprisonment. *See* Minn. Stat. § 244.101, subd. 1. The DOC's interpretation of work release as not constituting a "release from prison," so as to trigger the start of the five-year conditional release term under section 169A.276, subdivision 1(d), maintains consistency and continuity between these related release statutes.

Finally, the DOC's interpretation recognizes that while some work release programs have no bars or restraints, an inmate is still confined and does not enjoy

the same level of freedom as that experienced on supervised release. Appellant was confined to Bethel when not performing approved work, seeking work, or participating in educational/vocational activities; he was allowed to leave the confinement only if granted a furlough; and his options for work release and confinement are designated by the commissioner. Minn. Stat. §§ 241.26, subds. 1, 3, 244.07 (2016). He was further subject to disciplinary regulations that govern the conduct of incarcerated inmates and he was prohibited from engaging in escape behavior. Minn. Stat. § 241.26, subd. 4. These restrictions no longer applied to him once he completed his term of imprisonment and was released from Bethel. At that time, he was placed on supervised release, moved to his mother's residence, and began his conditional release term. He was no longer an inmate and no longer under confinement, even though he was subject to other conditions imposed by his supervised release and conditional release. *See* Minn. Stat. §§ 169A.276, subd. 1(d), 244.05, subd. 2.

In sum, we conclude that an inmate is not "released from prison" when participating in a work release program that begins while the inmate is serving the minimum two-thirds term of imprisonment. Because a work release program is an extension of this confinement, an inmate's five-year conditional release term does not begin to run upon his placement in the program, even though he may be confined in an approved community correction center or a residence approved by the commissioner of corrections, rather than in a correctional facility.

## DECISION

The district court did not err in concluding that an inmate participating in a work release program, authorized by section 241.26, is not "released from prison" so as to begin the five-year conditional release term imposed pursuant to section 169A.276, subdivision 1(d). The district court's order denying appellant's petition for a writ of habeas corpus is therefore affirmed.

**Affirmed.**